*1833.*

HENN
*v.*
WALSH.

---

## HENN *v.* WALSH.

---

Mere dissatisfaction is not enough to authorize the filing of a bill by one partner for the dissolution of a co-partnership.

If there be any breach of covenants by one partner which, in its consequences, would be so important as to authorize the party complaining to call for a dissolution before the co-partnership could be dissolved by the efflux of time, the complainant may then have an injunction.

And to authorize the appointment of a receiver in a co-partnership suit, it must be such a case as would authorize a decree for a dissolution. Where a dissolution has already taken place or it is apparent that it will be decreed on the ground of some breach of duty or contract, a receiver will be appointed.

A receiver will not be appointed merely because partners quarrel.

---

Bill to dissolve the co-partnership and for an account. An injunction had been granted. The defendant put in his answer. Cross motions now came before the court: one, on the part of the complainant, for a receiver; and, the other, by the defendant, to dissolve the injunction.

*Partnership.*
*Injunction.*
*Receiver.*

The co-partnership had commenced on the first day of May one thousand eight hundred and thirty-three; and was to continue for five years. By the agreement between the co-partners, an inventory was to be made at the end of two years; and if either were then dissatisfied, he was to have liberty to dissolve the firm. The complainant had put into the concern the sum of one thousand dollars in cash, as his part of the capital; and the goods of the defendant, with fixtures belonging to him, were taken at a like sum, after allowing for debts which he owed.

17

*1833.*

HENN
*v.*
WALSH.

The charges of misconduct in the bill were met and denied by the answer.

Mr. *F. B. Cutting* for the complainant.

Mr. *Nye Hall* for the defendant.

THE VICE-CHANCELLOR:—A partnership agreement, like any other, is binding upon the parties; and they must adhere to its terms. Neither partner is at liberty to recede from it against the will of the other, without a sufficient cause. Mere dissatisfaction by one partner will not justify him in filing a bill for a dissolution where, by their express agreement, it is to continue for a definite term; and this court will not interfere to dissolve the contract upon such ground. Here, there was a five years partnership, with the privilege of dissolving it at the end of two years. The complainant has become dissatisfied; and he makes various charges in his bill, showing *prima facie* cause enough for a dissolution before the stipulated time. But, his allegations are positively and fully denied in the answer. As the matter now stands, the complainant's case fails; and he would not be entitled, on the hearing, to a decree for a dissolution—consequently, not to an injunction or receiver in the mean time. If there be any breach of covenants by one partner which, in its consequences, would be so important as to authorise the party complaining to call for a dissolution before the co-partnership could be dissolved by the efflux of time, the complainant may then have an injunction: Gow, 135. There must be some actual abuse of the partnership property or of the rights of a co-partner and not a mere temptation to such abuse, which will induce this court to interfere; *Glassington* v. *Thwaites,* 1. S. & S. 124.

The same rules apply in respect to the appointment of a receiver. It must appear to be such a case as would authorise a decree for a dissolution: *Goodman* v. *Whitcomb,* 1. Jac. & W. 569; Collyer, 195, 196. In thus interposing, the court generally looks to the winding up of the affairs and not to the continuation of a trade under its authority. Where a dissolution has already taken place or it is apparent that it

will be decreed on the ground of some breach of duty or contract by one of the partners, there a receiver will be appointed. But if partners quarrel, a receiver will not be appointed merely on such an account, because it may not, of itself, be a sufficient ground for severing the connection between them. In the present case, the complainant produces affidavits to show a breach of the articles of the partnership by the defendants withdrawing more than the stipulated twenty-five dollars per month. The affidavits are not positive on the subject. They speak merely from what appears by entries in the books, coupled with what is believed; while, on the other hand, the denials of the defendant are positive. I cannot at present, in the face of all this, interfere. It may be an unfortunate connection which the complainant has formed. Still, he entered into it advisedly; and he must endure it until the contract allows of a withdrawal—unless he can overthrow the denials of the defendant by superior evidence.

The injunction must be dissolved; and the motion for a receiver denied.