EDWARD QUINLIVAN, AND ANNIE WILLIAMSON, BY HER NEXT
FRIEND FREDERICK WILLIAMSON, Appellants, *v.* EZRA O.
ENGLISH, JR., Respondent.

1. *Partnership Settlements — Outgoing Partner — Purchase of share of.—*
Where the mode of partnership settlement and division of the partnership
property that is provided in the articles becomes impracticable, or can not be
fairly carried into effect, courts may order a sale of the property; but effect
will be given to a stipulation that one or more of the parties shall be entitled
to purchase the share of the outgoing partner at a valuation.

### *Appeal from St. Louis Circuit Court.*

The eleventh article of the partnership agreement, the meaning
and effect of which is a point in dispute in the case, was in the
words following, viz: "That in case of the death of any of the
said partners, violation of any of the articles of this agreement,
or other dissolution of this partnership, a general account of
stock shall be taken, in writing, as before provided, and the bal-
ance due such deceased or outgoing partner or partners ascer-
tained, and such balance paid such outgoing partner or the repre-
sentatives of such deceased partner as follows: One-third of such
balance in one month from such dissolution or death, and notes of
the continuing partner or partners at one and two years' time for
the other two-thirds; said notes to be secured by deed of trust on
the property of said concern, or otherwise, as may be agreed upon,
and shall bear interest at the rate of six per cent. per annum."

The facts are sufficiently set forth in the opinion of the court.

*Dryden & Lindley*, for appellants.

I. Each partner has the right, as a matter of law, to have
the partnership effects applied to the discharge and payment of
all the partnership debts and liabilities before any one of the
copartners can claim any right or title thereto. (Story on Part.
§§ 97, 326, 441; 3 Kent's Com. § 65; Dyer v. Clark, 5 Met.
575; Nicholl v. Mumford, 4 Johns. Ch. 525; Rodriguez v. Hef-
ferman, 5 *id.* 428.)

II. The interest of a partner in the partnership effects is his

share of the surplus after paying the partnership debts and liabilities. (Story on Part. § 97; Dyer v. Clark's Adm'r, etc., 5 Met. 575; Nicholl v. Mumford, 4 Johns. Ch. 525; Rodriguez v. Hefferman, 5 *id*. 428.)

III. The office of the eleventh article of the partnership agreement was merely to furnish a rule for the distribution of the surplus among the partners, and had no operation except on the surplus after the payment of the partnership debts. Hence, the Circuit Court manifestly erred in refusing to entertain jurisdiction of this case and enforce the payment of the partnership debts out of the partnership property. If this suit cannot be maintained, then, so far as the enforcement of the payment of the partnership debts is concerned, the plaintiffs are without remedy, for the eleventh article of the partnership agreement furnishes no remedy for this injury.

IV. The respondent had no right to use or dispose of the partnership property after dissolution, otherwise than for the purpose of closing up the business of the concern, until he had first complied with the requirements of said eleventh article.

*Mauro & Madill*, for respondent.

I. Article eleven of the agreement of copartnership specifies, in the event of dissolution, the method of ascertaining the value of the effects of the copartnership and the extent of its liabilities, and determines the disposition which should be made of its property, and the terms of the payment of the purchase money. If its provisions be enforced, the plaintiffs being the outgoing partners, the defendant was entitled to retain the property upon complying with the provisions of this article respecting the purchase money therefor. And a court of equity will not interfere for any purpose other than to enforce a compliance with the requirements of this article, unless its execution be impracticable, or the defendant refused, upon reasonable request, to comply with its provisions. (Leach v. Leach, 18 Pick. 68; Story on Part. § 207; Pars. on Part. 301; Col. on Part. p. 297, § 313; Wilson v. Greenwood, 1 Swant. Ch. R. 471; 8 Simons, 532; Law v Ford, 2 Paige Ch. 310.)

II. But plaintiff, aside from article eleven, has not established by the evidence a proper case to warrant a court of equity to interpose even by entertaining an action for an accounting. The simple fact that a dissolution by agreement was had did not authorize the plaintiffs, as a matter of course, to resort to this action of accounting. This is only to be done when the parties are unable or some of them are unwilling or refuse to account. There was certainly no ground whatever for an injunction and receiver. The petition alleges the solvency of the firm, and the evidence establishes it. A mere apprehension that the defendant might misapply the funds, or waste the property of the partnership, is no ground for interference by injunction. (Coll. on Part. p. 315, § 343; Woodward v. Schatzell, 3 Johns. Ch. R. 412–415.) Nor will a receiver be appointed simply because there has been a dissolution of the partnership. There must be some breach of duty as a partner, or of the contract of partnership. (Henn v. Walsh, 2 Edw. Ch. R. 129; Harding v. Glover, 18 Ves. Jr. 280; Coll. on Part. p. 322, § 354.)

III. Plaintiffs were each indebted to the partnership at the time of filing their petition; and they could not insist upon an account without paying this amount into court. (Coll. on Part. p. 267, § 301.)

IV. The solvency of this firm being alleged in the petition and established by the proofs, the creditors of the firm have no equity or lien calling for the payment of their debts which they can enforce. It is the partner, and the partner alone, who has this equity or lien, and at his instance only can it be enforced when the firm is solvent. And the partner of a solvent firm may sell to his copartner his entire interest, and the vendee takes it entirely relieved, not only from any supposed equity in favor of firm creditors, but also from the equity of the vendor to have firm debts paid out of firm property. (Sage v. Chollar, 21 Barb. 596, and authorities there cited; also, 3 Ired. Ch. R. 213.) Hence, he may bind himself by agreement before dissolution to do it on the happening of that event, and a court of equity will not interfere to enable him to violate the faith of his solemn engagements.

HOLMES, Judge, delivered the opinion of the court.

The plaintiffs filed their bill in equity, after a dissolution by consent of the partnership subsisting between the parties, praying for an injunction, a receiver, an account, and a sale of the partnership effects, for the purpose of winding up the concern. The articles of partnership contained a stipulation that in case of the dissolution of the partnership by the decease of a partner, or by a violation of the agreement, or otherwise, a general account of stock should be taken, and that the interest of the outgoing partner, being ascertained by agreement or by arbitration, should be paid over to him, one-third in one month, and the other two-thirds in one and two years, and to be secured by notes and a deed of trust on the property of the concern, or otherwise, as might be agreed upon. The plaintiff Quinlivan retired, and the defendant retained the possession of the property and continued the business. It appears that the parties did not agree upon any mode of carrying the stipulation into effect, nor was a reasonable time allowed for that purpose before the filing of this bill. An injunction was granted and a receiver appointed. Upon the hearing, the injunction was dissolved and the bill dismissed.

It is insisted for the plaintiffs that they were entitled to the relief prayed, or at least that the bill should have been retained for the purpose of taking an account and ordering a sale of the property to ascertain the interest of the plaintiffs and wind up the concern. The defendant insisted that he had been always ready to comply with the articles, and that he was entitled to have the matter settled upon the terms of the stipulation, and that there was no equity for relief in the case.

It does not appear that the defendant had been guilty of any violation of the articles or of any breach of contract or duty, nor that any reasonable attempt had been made to adjust the matter according to the stipulation or to refer the subject of dispute to arbitration, nor that there was any urgent occasion for an injunction, or any necessity for the appointment of a receiver; but a receiver was appointed, who still has charge of the property. We think there was no case to warrant an injunction or a receiver.

(Story on Part. §§ 228, 330 ; Henn v. Walsh, 2 Edw. Ch. 129 ; Harding v. Glover, 18 Ves. Jr. 281.)

It is true (as contended by the plaintiffs) that the interest of a partner is his balance of account, or share of the surplus, after the debts have been paid and the affairs of the concern have been wound up. At the same time, the stipulations of the articles of partnership are to be carried into effect so far as it can practically be done. Where the mode of settlement and division of the partnership property that is provided in the articles becomes impracticable, or cannot be fairly carried into effect, the court may order a sale of the property ; but effect will be given to a stipulation that one or more of the parties shall be entitled to purchase the share of the outgoing partner at a valuation. (Story on Part. § 207.) It appears that this property consists of a brewery and stock employed in the business of brewing ale. The plaintiff had consented to retire and allow the defendant to retain the property and continue the business. After this lapse of time the mode of payment agreed on has become impracticable, or cannot now be fairly enforced, but the stipulation can still be made effectual so far as to allow the defendant to keep the possession of the property and effects at a valuation. If he should decline to do this, or if it should appear to have become impracticable, there is no doubt that, in such case, the court might decree a sale of the property for the purpose of winding up the concern. (Collier on Part. § 312–13.)

Upon the facts appearing in the case, we are of the opinion that the court should have retained the bill and proceeded to have an account taken and stated, upon the basis of allowing the defendant to receive and retain the property to his own use at a valuation, and to ascertain the balance of account due the plaintiffs, for which they would be entitled to judgment against the defendant. The receiver may be ordered to deliver the possession of the property to the defendant, upon his agreeing to take the same at a valuation to be settled and fixed by a master or referee ; otherwise the property to be sold and accounted for by the receiver.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion. The other judges concur.