EDWARD QUINLIVAN *et al.*, Appellants, *v.* EZRA O. ENGLISH, Respondent.

1. *Partnership settlements — Outgoing partner — Injunction — Receiver.—*
   Where articles of partnership provided that, in case of the death of any of the partners, violation of any of the articles of the agreement, or other dissolution of the partnership, a general account should be taken, and provided the manner of settlement of the concern and distribution of the assets; and plaintiffs, members of the partnership, sued for an injunction against the other partner, and the appointment of a receiver to settle the partnership affairs: *held*, that plaintiffs had no right to this mode of settlement until the defendant had first had an opportunity of closing up the concern under the articles of partnership. Had they waited until it appeared that the defendant could not or would not comply with the articles before referred to, or until it appeared that the creditors of the firm were not being provided for, and that the property primarily liable for the debts was being wasted or improperly diverted, a right of action would have accrued. But the plaintiffs have no right to assume that defendant would not have done his whole duty if he had had opportunity.
2. *Practice, Civil — Trials — Court sitting as a jury — Instructions — Review.—*
   Where the statute provides, in a civil action, that the damages shall be assessed by a jury, unless it is waived, the action of the court in such assessment is subject to the incidents of a jury trial, and instructions or declarations of law may be reviewed by the Supreme Court.
3. *Practice, Civil — Trials — Instructions not applicable to question before the court, erroneous.—*Although the proposition embraced in an instruction is correct, yet if it does not affect the question before the court it is erroneous, and should not be given.

*Appeal from St. Louis Circuit Court.*

The eleventh article of the articles of partnership referred to in the opinion of the court is as follows :

"*Eleventh.*—That in case of the death of any of the said partners, violation of any of the articles of this agreement, or other dissolution of this partnership, a general account of stock shall be taken in writing, as before provided, and the balance due such deceased or outgoing partner or partners ascertained, and such balance paid such outgoing partner, or the representatives of such deceased partner, as follows : one-third of said balance in one month from such dissolution or death, and notes of the continuing partner or partners at one and two years' time for the other two-thirds ; said notes to be secured by deed of trust on the property

of said concern, or otherwise, as may be agreed upon, and shall bear interest at the rate of six per cent. per annum ; and in case of dispute on account of the valuation of the stock of the said concern, or the fact of the violation of any of the articles of this agreement, the same shall be left to the decision of three arbitrators, one to be chosen by the continuing partner or partners, and the other by the outgoing or offending partner or partners, or the representative of the deceased partner, and the third by these two ; and the valuation or decision of the majority of these three shall be final."

The other facts material to the case are stated in the opinion of the court. See, also, same case, 42 Mo. 362.

*Hogan*, and *Dryden & Lindley*, for appellants.

I. The damage recoverable for the breach of the condition of an injunction bond is such only as is occasioned by the injunction. ( 2 Greenl. Ev. p. 253, § 254. ) The injunction was merely in aid of the relief sought for by the plaintiffs' suit. And in so far as the injunction was hurtful to the defendant, he is entitled to recover ; but in so far as the suit itself was hurtful, it is *damnum absque injuria*. The court, by giving the first half of the first instruction, conceded that the plaintiffs had the lawful right to sue. This much the decision of this court in the case when it was here before compelled the Circuit Court to concede ; but thus far and no farther would it go. It refused to declare the legitimate and necessary result of that concession by refusing to declare that no depreciation in value of the partnership property occasioned by the suit was the subject of recovery on the injunction bond. In refusing to discriminate between injury which was the result of the action and that which was the result of the injunction, the court manifestly erred ; for the latter the plaintiffs were answerable—for the former they were not.

II. The court erred in refusing the third instruction. After the dissolution of the copartnership the former partners became tenants in common of the partnership property, and none of them can do any act or make any disposition of the partnership funds in any matter inconsistent with the primary duty of them all—of:

winding up the whole concerns of the partnership. (3 Kent's Com. 63; Sto. on Part. §§ 322, 326.) The idea that one of the former partners may take the partnership property, and use and employ it in his own interests and for his own purposes, is unsupported by any authority; and the restraint of such use by the injunction was no infringement of his rights and no ground of damages. Damages are recoverable only where the party complaining has been deprived of some right. (State, to use of Bradshaw, v. Sherwood *et al.*, 42 Mo. 183.)

III. The right which the law gave to the plaintiffs, to have the partnership property applied primarily to the payment of the partnership debts and liabilities (Sto. on Part. § 97), is not disturbed by the provisions of the eleventh article of the partnership agreement. That article made no provision for debts — did not contemplate a state of indebtedness by the firm. Its office was merely to furnish a rule for the distribution of the distributable property among the partners, and could only operate on the surplus after the payment of the partnership debts.

*Mauro & Madill*, for respondent.

I. The first instruction was in part given and in part refused. It consists of two distinct propositions, which may be conceded to be correct declarations of law in a proper case for their application. But it will be observed that, while there is testimony warranting the first proposition, there is not a word warranting the second one, or to which it could be applied. As an entire instruction, therefore, it was bad; but as it was susceptible of division without impairing the force or correctness of the first part, it was divided by the court and the first part given. If insisted on as a whole, it must have been rejected. And an examination of the record will show that the second part could not possibly have been warranted by any of the evidence given in the case.

II. The third instruction was properly refused. It is directly in the face of the decision of this court in the case when it was here before. It required the court to declare that on the dissolution of this firm the partners became tenants in common of the

partnership property, and that neither of them had the right to use the property for any purpose other than in the settlement of the partnership affairs.    But by the articles of copartnership, the defendant being the remaining partner and the plaintiffs the retiring or "outgoing partners," the defendant had the right to retain the property and use it in prosecuting the business in which the firm had been engaged.    There was an agreement making ample provision for this precise event, and determining definitely the rights of the parties; and this court has held that, under that agreement, the defendant was entitled to use the property as he was using it when enjoined. . (Quinlivan v. English, 42 Mo. 362.)

BLISS, Judge, delivered the opinion of the court.

The plaintiffs obtained from the circuit judge an injunction against defendant as partner, and, without hearing, a receiver was appointed, who took charge of the partnership property.    Upon hearing in the Circuit Court, the injunction was dissolved and the bill dismissed, whereupon the plaintiffs appealed to this court, and the case was reported in 42 Mo. 362.    By reference to the report it will be seen that the action of the Circuit Court in dissolving the injunction was fully sustained, the court holding that there was no cause whatever for granting it, and that defendant had a right, under the articles of partnership, to the possession of the property, and to continue the business upon the terms and conditions named in the articles.    But the court was of opinion that the bill should have been retained for the purposes of an account, and that the defendant should be permitted to take the property at a valuation, if he should so choose; otherwise, that it be sold and accounted for by the receiver.

After the case came again into the Circuit Court, the defendant declined to take the property, whereupon it was sold, and the damages arising from the injunction were assessed against the obligors of the injunction, according to the provisions of sections 13, 14, and 15 of chapter 167 of the General Statutes.    The plaintiffs complain that the damages were excessive, and again bring the case to this court, and ask us to review the assess-

ment. The sections of the statute referred to require that the damages shall be assessed by a jury unless it is waived; hence the action of the court in such assessment is subject to the incidents of jury trial, and instructions or declarations of law may be reviewed by us.

The assessment of damages being submitted to the court, the plaintiffs asked for the following declaration of law:

["1. Although the plaintiffs were not entitled to an injunction in this case, yet they have the lawful right to sue and maintain this action against the defendant for the settlement of the partnership accounts of the firm of English & Quinlivan, and to subject the partnership property to the payment of the partnership debts]; and any depreciation in value of the partnership property pending the suit, which was the natural result of the suit and of the delays of the law, and not the result of the injunction upon the defendant, ought not to be taken into consideration in estimating the defendant's damages on the injunction bond."

The court gave so much of the declaration as is embraced within the brackets, and refused to give the rest, though I can not understand the reason that governed its action. The proposition embraced in the brackets might be a correct one; yet, if it was not to affect the question of damages, the defendant was not entitled to it. If it had any such bearing, then its application, as given in that part of the declaration refused, should clearly have been made. The whole declaration contains practically but a single proposition, and seeks to distinguish between the damages resulting from the injunction and dispossession of defendant and such as would have resulted from the suit had there been no injunction and had the eleventh article of the partnership contract been observed by the plaintiffs.

I have scrutinized so much of the evidence presented in the bill of exceptions as bears upon this question, and I see no evidence whatever of any damage that did not result from the injunction and appointment of the receiver. The defendant did not have possession of the property for a day after such appointment. The receiver took possession of the property at the request of the plaintiffs, and finally, after the case had been

once passed upon by this court, sold the whole property. It is impossible to tell whether or not, if the plaintiffs had respected the rights of the defendant under his contract, and it had become necessary for them to interfere to seek an account and application of the property to the payment of the debts, any damage would have arisen; certainly none of which the defendant could complain. The whole declaration, then, instead of a part, should have been refused, for irrelevancy.

The following declaration was also asked and refused:

" 3. That the defendant and the plaintiffs, on the dissolution of the copartnership, became and were tenants in common of the copartnership property, and, until the partnership debts were paid, neither had any right or authority in law to use or employ said property for any other purpose than for the settlement of the partnership affairs; and the deprivation of the defendant's use of said property in the carrying on of the business of a brewer, by means of the principal suit between these parties, ought not to be considered by the court in estimating the defendant's damages on the injunction bond."

This declaration would be well enough, perhaps, in a proper case, but it has no application to the one at bar. The plaintiffs seem to have misapprehended the decision of the court in 42 Mo. 362, and the declarations of law asked by them would imply that the court then decided that the suit for an account and settlement was properly brought at the time, and that the only mistake was in obtaining the injunction. But the court decided nothing of the kind. The injunction and settlement by a receiver was all that was sought by the action. The plaintiffs had no right to this mode of settlement until the defendant had first had an opportunity of closing up the concern under article eleventh of the partnership contract. This opportunity was denied him by taking the property out of his hands, which was all wrong. But the court say that the bill should not hence be dismissed, leaving the property in the receiver's hands, but that the defendant still has a right to possession if he chooses to take it, notwithstanding he has been kept out so long, and that it should be restored to him upon a valuation. The court did not decide that

the plaintiffs had a right of suit of any kind when this was commenced, but only that a general dismissal was not the proper way to dispose of it; that the defendant might still, if he chose, avail himself of his contract, so far as was yet in his power; and if he did not so choose, that the receiver, although improperly appointed, should, notwithstanding, be required to close out the concern. The Circuit Court conformed its subsequent action to this opinion, and proceeded further to ascertain the damages suffered by the defendant from the plaintiffs' proceedings. There is no "principal suit," as spoken of in the declaration asked by plaintiffs, except the proceeding at bar, and by that alone is the defendant damaged.

Had the plaintiffs waited until it appeared that the defendant would not or could not comply with the requirements of article eleventh before referred to, either by his not taking a general account of stock or not paying and securing the plaintiffs as therein provided, or until it appeared that the creditors of the firm were not being provided for, and that the property, primarily liable for their debts, was being wasted or improperly diverted, a right of action would have accrued. But the plaintiffs had no right to assume that the defendant would not have done his whole duty if he had had opportunity; nor could a distinction be made by the court between the suit actually brought and an imaginary one.

Judgment affirmed. The other judges concur.