## David G. McElvey, Respondent, v. Pryce Lewis, Appellant.

Where, in a co-partnership agreement, no time is named for its continuance, and no provision made for the settlement of its concerns upon dissolution, it is dissolvable at the will of either of the partners; an action is maintainable for that purpose, and the appointment of a receiver therein is proper.

(Argued February 10, 1879; decided March 18, 1879.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment entered upon an order of Special Term directing judgment on the pleadings.

This action was brought for and the judgment adjudged a dissolution of a co-partnership between the parties, and for the appointment of a receiver.

The facts appear sufficiently in the opinion.

*Andrews H. H. Dawson*, for appellant. This was no case for the appointment of a receiver. (9 How., 69; 7 id., 359; 10 id., 89; 1 Hill, 546; 9 Abb. Pr., 157; 59 Barb., 509; *Whitaker* v. *Defosse*, 7 Bosw., 678; *Kennedy* v. *Shilton*, 1 Hilt., 546; 2 Daly, 278; *Sheldon* v. *Weeks*, 2 Barb., 533; *Chapman* v. *Hammersley*, 4 Wend., 173.) The dissolution of the partnership alone did not require or admit of the appointment of a receiver. (18 Ves., 281; 2 McN. & G., 144.) A receiver will only be appointed, in an action for the dissolution of a partnership when absolutely necessary for the protection of the property, in cases where such a breach of partnership duty is shown as to warrant the apprehension that the other party may make way with the property. (2 Daly, 533; *Waters* v. *Taylor*, 15 Ves., 10, 15; *Oliver* v. *Hamilton*, 2 Anstr., 453; *Harding* v. *Glover*, 18 Ves., 281; *Wilson* v. *Greenwood*, 1 Swanst., 471, 481; 2 Wait's Pr., 200; 2 Edw. Ch., 129; 1 Jac. & W., 569; 1 Bland, 418, 432; 14 How., 81; 2 Rob., 134.)

*R. W. Peckham*, for respondent. It is a matter of course on bringing a suit for the dissolution of a partnership to appoint a receiver. (*Law* v. *Ford*, 2 Paige, 310; *Martin* v. *Van Schaick*, 4 id., 479.)

DANFORTH, J. The parties to this action on the 30th of September, 1876, became partners under written articles of agreement. No time is named for the continuance of the partnership, nor any provision made for the settlement of its concerns upon dissolution. It was therefore dissolvable at the will of either partner. (Story on Partnership, § 269.) In this instance, the plaintiff indicated by written notice his election to dissolve the partnership; and as the defendant

by his answer also asks that the articles of partnership be canceled and vacated, it is not easy to see why he appealed from so much of the judgment as ordered the partnership dissolved. In the absence of any provision in the partnership agreement as to the division of property or manner of closing its affairs, it was proper to appoint a receiver. (*Law* v. *Ford*, 2 Paige, 310; *Martin* v. *Van Schaick*, 4 id., 479;) and Lord ELDON, in *Goodman* v. *Whitcomb* (1 Jac. & Walker, 569), says: If the court can see that a dissolution must be declared, "it follows very much of course that a receiver must be appointed." This is the general rule, and no sufficient reason is suggested for making this case an exception. It is doubtless true, as the appellant argues that a receiver will not be appointed for the mere reason that the partners quarrel, but that is because this will not of itself be a sufficient ground for severing the connection between them. (Collyer on Partnership, 197.) In the case before us, the partnership has been dissolved, and the defendant's answer shows that there is property, concerning the division of which the parties have not agreed, and other property, the lease and good will, in regard to which there is a difference; the defendant claiming the whole interest in both to the exclusion of the plaintiff.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.