CHARLES E. HUBBELL AND OTHERS, APPELLANTS *v.* DANIEL BUHLER AND ELBERT STANNARD, IMPLEADED WITH OTHERS.

*Partnership for a single adventure — duration of it — it cannot be terminated at will by one of the parties.*

Where a copartnership is formed to undertake a particular enterprise and complete the same in a mode specifically agreed upon, an understanding that the partnership shall continue until the particular enterprise undertaken shall be concluded will be implied, even though the duration of the partnership may not be fixed by the articles.

Such a partnership cannot be terminated at the will of one or more of the parties, or by notice given or suit brought by him or them ; it can only be terminated for some one of the causes recognized by the courts as sufficient to authorize them to wind up a partnership.

APPEAL from a judgment entered in the clerk's office of Onondaga county, dismissing the complaint in this action, with costs.

The action was one in equity, and was tried at the Onondaga Special Term. It was brought by two members of a firm, against the other four members thereof, to restrain them from disposing of the partnership property, in violation of the terms of the partnership. The complaint prayed for the appointmen, of a receiver, a disposition of the partnership property by him and a judgment for an accounting, and that the joint enterprise be closed. The defendants, Richards and Smith, are made defendants because they refused to join as plaintiffs.

*William G. Tracy*, for the appellants.

*A. R Dyett*, for Buhler and Stannard, respondents.

FOLLETT, J. :

Appeal from a judgment, entered upon the decision of a Special Term dismissing the complaint. Two of the defendants, Richards and Smith, admitted all of the material allegations of the complaint, but did not appeal, and are not represented in this court.

The parties to this action are identical with the parties to the written contract of October 13, 1883, which they agree was executed with the mutual intent that it should become operative and binding upon the signatories in case the defendants purchased the interest of Patrick Clancy in the vessels under the written contract of September 19, 1883. As between the parties, the contract of October 13, 1883, was a legal contract, and when the defendants became (October 24, 1883) the owners of Clancy's interest said written contract became, and now remains, the measure of the interests, rights, powers and duties of the parties, unless they abrogated said contract by an oral agreement mutually entered into Monday, October 22, 1883, which the trial court found was not done which finding, we think, is sustained by the evidence.

By the first and second subdivisions of the contract of October 13, 1883, the vessels were to be stripped to the bare hulls, and all materials so obtained sold, and then the bare hulls were to be sold by public auction at such time as the parties might agree. Before this action was begun (March 10, 1885) the vessels had been, substantially, stripped to the bare hulls, the materials so obtained sold and the avails divided between the parties according to their respective interests. About this time the parties disagreed as to the manner in which the bare hulls should be disposed of. The plaintiffs and two of the defendants, Richards and Smith, claimed that by an oral agreement, mutually entered into October 22, 1883, the bare hulls were to be broken up and the materials sold. The defendants Buhler and Stannard denied the existence of such an oral agreement and claimed that the bare hulls were to be sold by auction, as provided by the second subdivision of the written contract of October 13, 1883. As before stated the trial court found that an oral agreement was not mutually entered into, and that the written

agreement controlled the rights of the parties. There being no other question in dispute in this action this finding is decisive of the rights of the, parties involved in this action, unless the mere fact of the existence of a disagreement between the parties entitles the plaintiffs to demand that the copartnership shall be dissolved before the one particular enterprise, which it was formed to carry out, has been completed.

It is immaterial whether the combination formed by the parties is a " joint adventure," or a " limited copartnership " (not limited in the statutory sense as to liability, but as to scope and duration), as, under our law, both are governed by the same rules. (Pollock's Part. [3d ed.], 4 and 5.) When the duration of a partnership is not fixed by the articles, or is not to be implied from the circumstances, it is a partnership at will. (Story's Part., § 84 ; Lind. Part. [3d ed.], 229.) In this case the duration of the combination was not fixed by the contract, but the combination being for one particular adventure, to be carried out in a mode specifically agreed upon, it must necessarily be implied that the understanding was that the partnership, or joint adventure, was not determinable at the will of any one of the partners, but that it was to continue until the single enterprise undertaken should be concluded. This being so, and it having been well found, as a matter of fact, that the contesting defendants, Buhler and Stannard, had not violated the partnership agreement, but were engaged in carrying it out according to its terms, it follows that the plaintiffs cannot maintain this action. (*Henn* v. *Walsh*, 2 Edw. Ch. 129 ; *Goodman* v. *Whitcomb*, 1 J. & W., 589 ; Story's Part., §§ 231, 286, 287, 288 ; Lind. Part. [3d ed.], chap. 8.) This being so, the plaintiffs could not terminate the partnership at will, by notice or by suit, but could terminate it only for some one of the recognized causes, sufficient in law to authorize courts to wind up partnerships. (See authorities above cited.) The only cause alleged in the complaint for winding up and appointing a receiver of this partnership is the alleged violation by the defendants, Buhler and Stannard, of an alleged provision in the partnership agreement, which provision, the trial court found, never existed. The result of the finding of the trial court is that defendants, Buhler and Stannard, have not been guilty of any misconduct, but were, when this action was begun, engaged in conduct-

ing the business of an existing partnership in accordance with the articles of partnership, and that the plaintiffs, failing to have the business conducted in violation of the articles of partnership, brought this suit to accomplish that purpose.

The cases relied upon by the plaintiffs are not in point. In *McElvey* v. *Lewis* (76 N. Y., 373); *Skinner* v. *Tinker* (34 Barb., 333); *Peacock* v. *Peacock* (16 Vesey, 49), and in *Featherstonhaugh* v. *Fenwick* (17 id., 298) the partnerships were determinable at the will of either partner. In *Law* v. *Ford* (2 Paige, 310) either partner had the right to terminate the partnership at any time, and the articles made no provision for winding up. *Marten* v. *Van Schaick* (4 id., 479) is so meagrely reported that it cannot be ascertained with certainty whether the partnership was at will or for a fixed term, and if for a fixed term, whether the term had expired; but from the facts reported the fair inference is that the partnership was terminable at the will of either party.

It is urged by the plaintiffs that though a sufficient cause for compulsively winding up this partnership through a receiver, midway in its existence, did not exist when the action was begun, that a sufficient cause was created by the partial burning of the vessels by the accidental fire of August 22, 1885. Whether the hulls were so injured by this fire that they could not be profitably sold as hulls was a litigated fact which the trial court found against the plaintiffs. The court found: Fifth. "That the said vessels, notwithstanding such partial burning, may nevertheless be sold at public auction in heir present condition." The plaintiffs, by their tenth request, asked the court to find that the hulls were so injured by said fire that they could not be profitably disposed of as hulls, but could be more profitably disposed of by being broken up and the materials sold, which the court refused to find. This finding and refusal to find we are not disposed to disturb. None of the exceptions to the rulings, rejecting or admitting evidence upon the trial, are discussed by the appellants in their brief, and we have discovered none requiring discussion by this court.

The judgment is affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.