CHARLES H. BRUSH, RESPONDENT, *v.* WILLIAM JAY AND FLAMEN B. CANDLER, APPELLANTS.

*Dissolution of a firm transacting a law business — a receiver will be appointed — the abstracts of title in the possession of the firm must be sold.*

Upon an appeal by the defendants from an order appointing a receiver, *pendente lite*, of a lease of an office in No. 48 Wall street in the city of New York, and of the office furniture therein contained belonging to the late firm of Jay, Candler & Brush, and, also, of all the abstracts of title in the possession of said firm, and directing the receiver to sell all the said property at public auction, it appeared that the firm of Jay, Candler & Brush was dissolved July 14, 1888, and that this action was commenced August 8, 1888; that the object of the action was to wind-up the affairs of the firm which had been transacting a law business up to the day of its dissolution. The reasons alleged for commencing the action were that the parties were unable to agree in the disposition of the assets in accordance with their several interests therein, and that the defendants intended to continue the practice of their profession as copartners under the firm name of Jay & Candler in the offices of the late firm, and to announce their intention so to do by circulars, and that the plaintiff's interest would be injured unless the lease was disposed of at once.

*Held,* that there was nothing in this case which should take it out of the general rule governing the termination of a partnership, in which case a receiver is appointed almost as a matter of course.

That the trial of the issue between the parties would determine what were assets.

That in the present case there was an unexpired lease and that that was an asset, to a share of which the plaintiff was entitled.

*Mitchell* v. *Read* (84 N. Y., 556) followed.

It appeared that whenever the firm was employed to search a title the original abstracts were kept by the firm, an abstract for the client being prepared and delivered to him, while the original abstract was retained for the future benefit of the firm

*Held,* that the original abstracts belonged to the firm and not to the client, and that justice could not be shown between the parties to this action unless these assets were sold at once, as under the notice issued by the defendants the clients of the new firm would alone derive the benefit of the searches, the notice of the new firm stating that it would continue business at the place leased by the old firm, and that with the possession of the old searches, but slight additional searches would be required in the examination of titles.

APPEAL by the defendants from an order, entered in the office of the clerk of the county of Kings on September 1, 1888, appointing a receiver, *pendente lite,* of the lease of the offices in the building known as No. 48 Wall street, in the city of New York, and of the office furniture therein contained belonging to the late firm of Jay, Candler & Brush, and also of all the abstracts of title in the possession of said firm, and directing the receiver to sell all the said property at public auction.

The firm of Jay, Candler & Brush was dissolved July 14, 1888, and this action was commenced August 8, 1888. The object of the action was to wind up the affairs of the firm, which had been transacting a law business up to the date of its' dissolution. And the reasons alleged for commencing the action were, that since the dissolution of the firm the parties had been unable to agree upon a disposition of the assets in accordance with their several interests therein, and that the defendants intended to continue the practice of their profession as copartners under the firm name of Jay & Candler in the offices of the late firm, and to announce their intention so to do by circulars; and that the plaintiff's interest in the lease would be injured unless the lease was disposed of at once. The answer denied that the 1,700 abstracts of title mentioned in the complaint were the property of the late firm.

*Flamen B. Candler,* for the appellants.

*A. E. Lamb,* for the respondent.

BARNARD, P. J.:

There is nothing in this case which should take it out of the general rule governing the termination of partnership. It is also a matter of course to appoint a receiver. The joint property, whatever it may be, is taken by the court into its possession through its receiver. The trial of the issue between the parties will determine what are assets. (*McElvey v. Lewis,* 76 N. Y., 373.) In the

present case there is an unexpired lease, and that is an asset to a share of which the plaintiff is entitled. (*Mitchell* v. *Read*, 84 N. Y., 556.) There are also many abstracts of title belonging to the firm. Whenever the firm was employed to search a title the original abstracts were kept by the firm. An abstract for the client was prepared and delivered to him, but for the future benefit of the firm the original was retained. These do not belong to the client. He got what he paid for. The original abstracts belonged to the firm. Justice cannot be done between the parties unless these assets are sold at once. All the parties lay great'stress upon the value of the good will which includes a business which was made by Edgar Van Winkle, deceased. The plaintiff is entitled to his share of the value of the lease on that account, and the lease expires on May 1, 1889. The searches, presumably, may be needed by such of the members of the firm as buy them at any time. All new searches of the title are rendered slight with the possession of the old ones. Under the notices issued by defendant the clients of the firm would alone derive the benefit of the searches, for the notice specifies them as continuing business at the place leased by the old firm.

The order appointing a receiver and directing a sale of their assets seems to be just, and should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order affirmed, with costs and disbursements.