LOUIS M. JOSEPHTHAL, Plaintiff, *v.* MEYER GOLD, HENRY J. SCHNITZER, GILBERT J. ROSENBERG and JAMES B. SELIGMAN, Defendants.

(Supreme Court, New York Special Term, July, 1918.)

Partnership — articles of — dissolution of, when refused — evidence.

> Only for causes grave and serious will the court decree the dissolution of a partnership.
>
> Where in an action for the dissolution of a partnership it is clear that the conduct of defendant was in technical opposition to the spirit of the articles of copartnership requiring an immediate and full book entry of the transaction of any business of or for the firm, and there is ground for a belief that the defendant was wholly lacking in a complaisant spirit toward requests of plaintiff for a more detailed account of his expenditures drawn as disbursements from the funds of the firm, but an investigation of the transactions complained of discloses nothing in their nature dishonest, extravagant or unwarranted as to the items disbursed, and the continued conduct of the business at a profit negatives the idea that the partnership is being blasted by defendant's presence, dissolution will be refused but the cause will be retained for such other disposition in the nature of relief to the partners as may be justified by the evidence of defendant's conduct.

ACTION for the dissolution of a partnership.

Edward E. McCall, for plaintiff.

Cardozo & Nathan (Edgar J. Nathan and Raymond Reubens, of counsel), for defendant Meyer Gold.

Weschler & Kohn, for all other defendants.

McAvoy, J. It is quite clear that the conduct of defendant was in technical opposition to the spirit of paragraph 8 of the articles of copartnership requiring an immediate and full entry in the books of

the firm of the transaction of any business of or for the firm. That the practice was condoned or approved in the earlier relations of two of the partners is not material, excepting in so far as it tends to establish a lack of positive or meditated abuse of his position by the offending partner in the beginning of the career of the new firm, and such infraction as occurred prior to March, 1917, might be adjudged as within the category of minor misconduct or petty grievances for which the court would refuse the " far-reaching and radical remedy " of dissolution providing a just redress can otherwise be found for the mischief engendered. Partnerships for a specified time are not dissoluble by the will of a partner during the period of contract in this state, although Chancellor Kent and Judge Cooley united in agreeing that no one could bind himself to continue for a specified period as a partner of others, saying: " The right to dissolve is a right inseparably incident to every partnership. There can be no such thing as an indissoluble partnership." *Skinner* v. *Dayton,* 19 Johns. 513; *Solomon* v. *Kirkwood,* 55 Mich. 256. " When a partner becomes dissatisfied," Judge Cooley says, " there is commonly no legal policy to be subserved by compelling a continuance of the relation," and he intimates that equitable doctrines of specific performance and injunction ought not to be invoked to compel the maintenance of such a status. There is little room for argument that a diverse rule prevails in our jurisdiction and causes not minor or incidental but grave and serious only will give ground for the equitable decree of dissolution. *Skolny* v. *Richter,* 139 App. Div. 536. It is to be considered, then, whether the refusal of defendant Gold to make a more detailed account of his expenditures drawn as disbursements from the firm funds was a willful and persistent breach of the partnership agree-

ment for which dissolution ought in equity to be decreed, because it is obvious that if a partner acts without the restraint imposed by his agreement, or neglects the obligations incurred thereby, he cannot enforce provisions thereof beneficial to him. *Wilson* v. *Johnstone,* L. R. (16 Eq.) 606. Where his partners requested a more detailed statement than had already been entered in the books of the firm covering the mooted expenditures, he had little data upon which to go forward in compliance with their request, because the details consisted of items not customarily retained in memoranda by a firm member, excepting where some specific rule demanded that course. He ignored the written demand and consulted a lawyer about his obligation to comply therewith. He referred to this lawyer a letter from the firm's attorneys requesting the same compliance with the terms of the articles as the other partners claim to have interpreted them. He was advised that he was under no duty to render these items in more detail than that in which they had already been entered in the books. This is said to have caused suspicion, mistrust, ill-feeling, estrangement and loss of trust and confidence, preventing the successful management of the business and rendering further concerted action impracticable. Of course, where there are constant quarrels, irreconcilable differences and personal ill-will which make co-operation impossible, equity will administer relief to the partner whose associate, by such misconduct as brings these conditions about, utterly destroys the mutual confidence which must subsist between partners if they are to continue to carry on business together. Lind. Part. 580; *Cash* v. *Earnshaw,* 66 Ill. 402; *Henn* v. *Walsh,* 2 Edw. Ch. 129. But a party who is the author of the ill-feeling between himself and partners will not be permitted to make the relation he has induced the

Supreme Court, July, 1918.        [Vol. 104.

ground of a dissolution of the partnership. If his conduct be taken with that very end in view it would be inequitable to allow him advantage from his own wrongful acts. *Gerard* v. *Gateau,* 84 Ill. 121, 125. Little if any reflection is required to found judgment that the defendant Schnitzer was the instigator of the dissension which was brought about between defendant Gold and the plaintiff, the chief member of the firm; whether it was antagonism caused by what he considered slipshod methods of accounting or a desire to be rid of Gold's interest in the firm to augment his own profit is open to inference either way. Enough is found in determining that he exhibited a rancor against Gold disproportionate to the gravity of his offending and totally differing in quality from the mildly reproving demeanor of plaintiff, as if the latter still retained some latent kindly feeling toward his former trusted clerk and employee which he reluctantly must forego because of the revelations of Schnitzer and the disinclination of Gold to comply with the demands of the partners. While there is ground for a belief that the defendant Gold was wholly lacking in a complaisant spirit towards these requests, and proceeded without judicious conduct in totally ignoring the demands of his partners, a court administering rights is not authorized to direct the drastic penalty of dissolution against him for this error of judgment. The trial failed to expose any of the grave delinquencies or serious offenses alleged in the other sections of the complaint, and these charges were utterly abandoned, not to say repudiated, by plaintiff himself. It would seem that the investigation of the transactions complained of disclosed nothing in their nature dishonest, extravagant or unwarranted, as to the items disbursed, which result should set at rest the possible aroused suspicions which occasioned the demand for this relief.

The continued conduct of the business at profit negatives the idea that the partnership is being blasted by defendant Gold's presence, and his daily attendance at the firm's offices points to a reasonable probability that his personality is not so objectionable to customers as to cause any appreciable loss.  It is concluded that not a sufficient cause is to be found in the showing made to warrant the application of this far-reaching and radical remedy, since justice may be done without taking this extreme step.  A court of equity may either enjoin the defendant Gold to comply with the terms of this agreement in respect to disbursements, if this he believed necessary, and restrain any of his acts prejudicial to the firm's business or good will, or it may restrain his participation in the usual rights of a general partner, directing compliance with his duties meanwhile until the period term has expired.  Dissolution will be refused, but the court will retain the cause to make such other disposition in the nature of relief of the partners as may be justified by the evidence of defendant Gold's conduct.

Judgment accordingly.