## ZIMMERMAN *v.* HARDING.

## HARDING *v.* ZIMMERMAN.

### APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

Nos. 771, 894. Submitted January 10, 1913.—Decided February 24, 1913.

A partnership formed to run a hotel for which a lease is obtained *held* in the absence of any stipulation as to duration to be for the term of the lease.

Where partnerships are regulated by statute, as in Porto Rico, the rights of one attempting to dissolve depend upon the statute rather than on general law applicable elsewhere.

The right to dissolve under § 1607; Civil Code Porto Rico, is confined to partnerships the duration of which has not been fixed; under § 1609 a partnership for fixed duration can only be dissolved for sufficient cause shown to the court, and one attempting to dissolve before the fixed termination and to exclude the other from participation must account to the latter for his share of the profits until the court decrees a dissolution in a suit brought to dissolve.

Partnership property continues to be such after as well as before dissolution.

Where one party attempts to illegally dissolve a partnership without suit and subsequently the other brings a suit for dissolution in accordance with the statute the former must account for all profits until the final decree of dissolution.

The doctrine of election is applicable as between inconsistent remedies; but does not apply to a partner wrongfully excluded from participation. He does not lose his right to an accounting because he first starts an action at law which he subsequently dismisses.

There may be a recovery at law for damages resulting from a breach of the partnership agreement as well as an action for accounting in equity for the same breach, and a partner wrongfully excluded from management and profits need not wait for the end of the period but may show in an action at law his probable profits.

One who wrongfully excludes the other partner from management of the partnership affairs is not entitled to a salary for managing them during such period of exclusion.

This court can only review an improper allowance of salary to a partner where an exception has been filed to such allowance.

Where the case has been tried in an irregular manner and items are allowed in the final decree which do not appear in the auditor's or master's report, this court cannot attempt to correct errors assigned here and will presume that the decree so far as it stands upon questions of fact is supported by evidence not objected to.

THE case in substance is this:

The appellee, Harding, undertook to obtain a lease from the owner of a hotel property situated in a suburb of San Juan, Porto Rico, and an option of purchase. The parties agreed upon the rental, term of the lease and upon an option of purchase during the term of the lease, but the owners required Harding to associate himself with another person, as co-lessee, satisfactory to them. After some negotiations Harding arranged with the appellant, Mrs. Zimmerman, to join him in the lease and option and to form a partnership to operate the hotel. Each agreed to contribute one-half of an agreed capital, their personal services and to share in the profits and losses, equally. The agreement of partnership was never reduced to writing, and there was no express stipulation as to its duration.

Under date of February 1, 1911, the owners of the hotel property executed a lease to the partnership for the term of two years, with right of renewal for another term of two years at an advanced rental. This lease included an option of purchase during the term at a price named. Thereupon the partnership took possession of the property and its operation as a hotel. Harding undertook the office side of affairs and Mrs. Zimmerman the other departments. The business seems to have run along smoothly and with profit until about August 9, 1911, when Mrs. Zimmerman, who was in sole charge by reason of the temporary absence of Harding upon a vacation in the United States, assumed of her own motion to dissolve the partnership. To this end she notified Harding by letter that she had dissolved the relation and published a card in the local papers that the partnership had been

dissolved, and that she would thenceforth conduct the business for her own benefit. From that moment she assumed the entire ownership and possession of the partnership business and property. Harding was excluded from all possession, control or voice, and all benefits which had accrued, she claiming that he had drawn more than his share upon an accounting.

When Harding returned to San Juan, he at once brought an action at law against Mrs. Zimmerman to recover damages for the breach of the partnership contract. This suit was removed by Mrs. Zimmerman to the District Court of the United States for the District of Porto Rico. Thereupon Harding obtained leave to dismiss his action at law, without prejudice, and filed this bill. Its object was to obtain a decree of dissolution and an accounting of the partnership affairs. The appointment of a receiver to manage the business pending the litigation was at once sought by Harding under the averments of the bill. This was resisted, and denied by the court. Upon the coming in of her answer an auditor was appointed to report upon the partnership accounts. Mrs. Zimmerman remained in full control of the hotel business down to the date of final decree, May 18, 1912, by which the partnership was dissolved. At that date a special master was put in charge of the business to conduct it until a sale of the assets should be had and distribution made. The partnership property, including the unexpired term of the lease, was sold and the auditor and master's report confirmed. The final result was that the share of Harding in the proceeds of the business, including profits realized to date of sale was fixed at $3,008.02, and that of Mrs. Zimmerman at $4,878.22. From this decree both parties have appealed.

*Mr. N. B. K. Pettingill* for Zimmerman.

*Mr. H. H. Scoville* and *Mr. Willis Sweet* for Harding.

Mr. Justice Lurton, after making the foregoing statement, delivered the opinion of the court.

We agree with the court below that although there was no express stipulation as to the duration of the partnership agreement, it was by implication to continue during the term of the lease of the hotel property. The term had, therefore, not expired when on August 9, 1911, Mrs. Zimmerman, of her own motion, declared it at an end. Her right to withdraw or terminate the agreement at her own will, the agreement being for the term of the lease, depends primarily upon the law of Porto Rico, rather than the general law applicable elsewhere. The matter is regulated by §§ 1607 and 1609 of the Civil Code of Porto Rico. These sections are set out in the margin.[1]

The suggestion is that § 1607 applies only to a case where one partner desires to turn over the business and responsibility to the other. This is too narrow. The plain mandate is that a dissolution shall occur at the will or withdrawal of one partner only when the duration of the partnership has not been fixed. Section 1609 obviously deals with a dissolution upon application to a court for sufficient reason shown. But whether a dissolution declared on the motion of one of the members might be justified when later challenged, if sufficient reason for the

---

[1] Section 1607. The dissolution of the partnership by the will or withdrawal of one of the partners shall only take place when a term for its duration has not been fixed, or if this term does not appear from the nature of the business. In order that the withdrawal may be of effect, it must be made in good faith at the proper time; notice thereof shall also be given to the other partners.

Section 1609. No partner can demand the dissolution of a partnership which either, by a provision of the articles or by the nature of the business, has been constituted for a specified time unless there should exist sufficient reason, such as when one of the partners fails to comply with his obligations, or when he becomes incapacitated for the partnership business, or any other similar cause, in the judgment of the courts.

act was shown, is academic, so far as this appeal is affected, because the court below upon oral evidence, including that of both parties, found that no good reason in law or fact existed for the dissolution declared on August 9, 1911 by Mrs. Zimmerman. The oral evidence heard by the court in relation to the matter has not been sent up and we must presume the conclusion sound. We shall therefore assume that the partnership continued in law, until dissolved by decree for sufficient reason on May 18, 1912. As the court refused to appoint a receiver *pendente lite* upon Harding's application when his bill was filed and permitted Mr. Zimmerman to continue to conduct the partnership business, she was justly held accountable for Harding's share in the profits made during that time.

The principal argument has turned upon the consequence to be attached to the action at law brought by Harding. The claim made by the appellant, Mrs. Zimmerman, is that the bringing of that action was a conclusive election between two inconsistent remedies, and that it operated as a bar to any remedy under the present bill. If this is the case the result must be deplored, for the dismissal of this bill would leave Mrs. Zimmerman in full possession of the fruits of her lawless conduct in excluding Harding from all interest and control of the joint business, with only the right to begin over again an action at law to recover his damages.

But we think the doctrine of the election of remedies has no proper application here. The essential element of that rule is that there must have been a right of choice between two remedies which are inconsistent with each other. *Bierce* v. *Hutchins*, 205 U. S. 340. The argument is that the bringing of the suit at law was an election to treat the contract of partnership as at an end, and to recover damages for the breach, including profits prevented, while the bill in equity was based upon the theory that the partnership was continuing.

But that is a misconception of the bill. It states the same facts stated in the suit at law and alleges the illegality of the defendant's declaration of dissolution and the plaintiff's illegal exclusion from the control and possession of the joint property. But the bill does not seek a restoration of the partnership relation, nor a restoration to the joint possession or management of the partnership business. Upon the contrary, it states that a continuance of such relation is impossible. It therefore asked to have the business placed at once in the hands of a receiver and the partnership affairs liquidated and the partnership dissolved. This latter relief is but an incident to the liquidation sought of a precautionary character.

Whether the partnership had been effectually dissolved by the declaration of Mrs. Zimmerman on August 9, 1911, or not, her action in excluding Harding from joint possession and control until the affairs had been wound up was, upon either hypothesis, wholly indefensible. The partnership property continued to be partnership property after as well as before dissolution.

When she assumed the right to take possession for herself and to carry on the business with the partnership property, Harding had a clear right to call her to account for his share in all of the joint property and at his election to require her to account for the profits, by way of damages or otherwise, which he had been prevented from making by his wrongful exclusion from the business. *Ambler* v. *Whipple*, 20 Wall. 546; *Pearce* v. *Ham*, 113 U. S. 585, 593; *Karrick* v. *Hannaman*, 168 U. S. 328, 337; *Holmes* v. *Gilman*, 138 N. Y. 369.

Neither is the remedy in equity for a breach of a partnership agreement exclusive. There may be at law a recovery of all the damages which result, including damages for profits prevented by a wrongful dissolution. Thus if one member assumes to dissolve a partnership before the end of the term, the other may bring an action for

damages for the breach and recover not only his interest, but also his share of the profits which might have been made during the term. He need not wait until the expiration of the period and need not go into equity for an accounting, but may at law show the probable profits which he has been deprived of. *Bagley* v. *Smith*, 10 N. Y. 489; *Dennis* v. *Maxfield*, 10 Allen (Mass.), 138; *Karrick* v. *Hannaman*, 168 U. S. 328, 337.

The remedy at law was in every substantial feature consistent with that sought by his bill in equity, and no other form of suit was admissible in the local court. Both suits were pecuniary. Both sought compensation upon the same facts. In one Harding sought a judgment for damages which would include all that he could have in equity as the result of an accounting. The jurisdiction in equity in suits for winding up partnerships is based upon its jurisdiction in matters of complicated accounts. A dissolution, or a receivership, are mere incidents to its principal ground of jurisdiction. That in his equity suit Harding sought relief in respect to some matters not involved in or beyond the jurisdiction of the law court does not affect the question of election. That he asked to have the partnership formally declared dissolved by reason of the conduct of Mrs. Zimmerman was not antagonistic to any position he assumed in his suit at law. It was a mere incident to his right to hold her to an accounting for his share in the business. He sought to have the business wound up by a receiver. This Mrs. Zimmerman prevented and she was suffered to remain in sole possession. If she has been held to account for the profits made during that time, she cannot complain.

It has been assigned as error that Mrs. Zimmerman was allowed salary for her service in the management of the business after she assumed to be managing for herself. The partnership contract made no provision for the allowance of salaries to either partner. In the view

of the court below the exclusion of Harding from joint possession and management was without authority. In such circumstances it seems inconsistent that Mrs. Zimmerman should be allowed for services which she wrongfully took upon herself because she had unlawfully excluded Harding from participation. Probably upon the theory that her management had resulted in profit in which Harding was permitted to share it was thought equitable that she should be compensated. However this may be and reluctant as we are to its allowance (*Karrick* v. *Hannaman*, cited above) we are unable to find that any exception was filed to the allowance in the auditor's report. It does appear that the court directed the auditor to reduce the amount, which was done. But whether that was done upon an exception to the amount as excessive, or to any allowance at all, we have no information.

There is also an objection to a charge against Harding of $618 on account of some trouble with his accounts for bar receipts. The credit was made by order of the court in the final decree. There is no trace of the item in either the auditor's or master's reports. This would be ordinarily enough to justify us in shutting the item out. But this case seems to have been proceeded with in a most irregular way. There are references in the opinion and in the auditor's report to oral evidence and oral statements which have not been made a part of the transcript. If the parties elect to try a case in such an irregular way, we must presume that the decree, so far as it stands upon questions of fact, was supported by evidence not objected to.

*All of the assignments must be overruled and the decree affirmed.*