TANKERSLEY v. NORTON.

Opinion delivered February 23, 1920.

1. PARTNERSHIP—RIGHT TO DISSOLVE.—Where a partnership agreement was to run for three years, and required that one partner should furnish the land and all necessary dairy equipment, and the other should furnish the labor, and that at the end of that time each partner should own a half interest in the partnership property, the partnership could not be terminated by the partner furnishing the equipment before the other partner had the opportunity to acquire such interest, except for sufficient cause subsequently developed or by the mutual consent of the partners.

2. APPEAL AND ERROR—REMAND OF CHANCERY CAUSE FOR NEW TRIAL. —Where a chancery cause was not fully developed because it was tried upon an erroneous theory, the cause will be remanded with permission to the parties to take further testimony.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*S. S. Hargraves* and *Murphy & McHaney,* for appellant.

The court erred in holding that the partnership was one at will, determinable at the pleasure of either party. The decree is not sustained by a preponderance of the evidence, but it shows that it was for at least three years. 227 U. S. 489; 5 Ark. 376; 116 Ala. 247; 158 Ind. 292; 193 Ill. 121; 16 Ill. 402; 84 *Id.* 121. The evidence shows that a dissolution was not sought at a reasonable time. It was unjust and inequitable to permit a dissolution at an unreasonable time as shown by the evidence and also error to appoint a receiver for want of jurisdiction.

*J. W. Morrow* and *C. W. Norton,* for appellee.

1. The partnership was at the pleasure of the parties and not for a fixed period. The evidence shows this.

2. As to the right to dissolve, see 30 Cyc. ......; 20 R. C. L. 954. The finding of the chancellor is supported by the testimony, and was properly dissolved, as it was evident it could not survive.

SMITH, J. The parties to this litigation formed a partnership to operate a dairy business, concerning the terms and duration of which they disagree. At the suit of appellee it was dissolved, and the decree of dissolution indicates that the court below accepted appellee's version as to the points in dispute, as the court ordered the distribution of the partnership property to the partners who had contributed it, whereas appellant contended that under the partnership agreement he was given a present undivided half interest in all the partnership property.

We would not disturb the finding as being contrary to the preponderance of the evidence (and would, therefore, affirm the decree), but we think the court erroneously found that the partnership was one which either of the parties had the right to dissolve at pleasure.

Upon that issue appellant testified that he was employed at the State Agricultural School at Jonesboro—of which he was a graduate in dairying—at a salary of $75 per month, with room and board. That the partnership became effective March 1, 1919, at which time it was known that the business was one which would have to be established and developed and could not be profitable until that had been done, and it was, therefore, agreed that the partnership should be for a long period of time and until the purposes of the partnership had been effectuated. That appellee agreed to deliver, on land owned by him, on which feed crops were to be cultivated for use in connection with the dairy, eight cows and three calves, in which appellant was to have an immediate, present half interest, and that as the demand for milk and dairy products increased appellee was to furnish additional milk cows for the partnership, as needed, to the extent of twenty fresh cows, and that appellant should have a half interest in all the additional cows furnished by appellee, and their increase, and that appellee was to furnish a barn, gas engine to pump water, and all necessary dairy equipment, together with chickens, a bull and hogs, in all of which he was to have a half interest when furnished, and that, being a single man, he took his

father and his father's family into the business to assist him in conducting it, and that he had agreed to pay them one-half of his profit for this service. That he moved on the farm and proceeded to operate the dairy for a period of three months, during which time a net profit of $55 for each partner was earned, when appellee became dissatisfied, and, without cause, proceeded to dissolve the partnership. Appellant is corroborated by his father in all essential respects. In fact, the father testified that the preliminary negotiations leading to the formation of the partnership were conducted by him, on behalf of his son.

Appellee testified that the partnership was at will, although he admitted that the parties thereto had agreed that the business was one which could become profitable only by development, and that he had agreed that if it continued for three years appellant should have a half interest in the property which he (appellee) had furnished to make the business a going concern.

We think the court below was in error in holding that the partnership was one at will, determinable at the pleasure of either party. Upon the contrary, we think it was one for a period of as much as three years, unless, for sufficient cause, it was sooner dissolved. According to appellee's version—which the court below accepted, and which we also accept—appellant was to acquire no interest in this business until it had continued as much as three years. It can not, therefore, be assumed that it was contemplated that the partnership should be terminated before appellant had had the opportunity to acquire that interest, except for sufficient cause subsequently developed, or the mutual consent of the parties. *Howell* v. *Harvey,* 5 Ark. 270; *Zimmerman* v. *Harding,* 227 U. S. 489; 20 R. C. L., § 178 of the article on partnership.

The question of the existence of sufficient cause for the dissolution of the partnership does not appear to have been fully developed, as appellee tried it in the court

below upon the theory—which the court accepted—that it was a partnership at will.

The cause will, therefore, be reversed with leave to the parties, if they so elect, to take further testimony upon that issue.