MARGARET E. GERMANN, as Executrix, etc., of WILLIAM GERMANN,
Deceased, Appellant, *v.* REUBEN H. JONES, Respondent.

Fourth Department, March 9, 1927.

**Partnership — action against surviving partner to establish partnership
and for accounting — partnership was dissolved by death of one of
partners in 1918 — action was begun in January, 1919 — plaintiff's
rights are not subject to Partnership Law, § 73, which became effective
after action was begun — partnership agreement provided that defend-
ant would manage business and receive salary — defendant, after death
of partner, denied partnership and appropriated business to himself —
salary provision terminated with death of partner — plaintiff is entitled
to liquidation and to recover testator's share with accretions.**

The defendant and the plaintiff's testator entered into a partnership agreement
in 1916, which was dissolved by the death of plaintiff's testator in 1918. The
agreement provided that the defendant should manage the business and receive
a stated salary. After the death of plaintiff's testator the defendant denied
the existence of the relation and appropriated the business to himself. This
is an action to establish the copartnership and for an accounting. It was error
for the court to amend the interlocutory judgment so as to change it from one
at common law to that now provided by section 73 of the Partnership Law,
for this action was begun in January, 1919, and was not subject to that section,
which became effective after the action was begun. Furthermore, the remedy
provided by section 73 is made subject to certain conditions, none of which
exist in this case.

The rights of the parties, upon the dissolution of the partnership by the death
of plaintiff's testator, became immediately subject to and are to be determined
by the rules of the common law. The provisions for a salary payable to the
defendant terminated upon the death of the plaintiff's testator and the dissolution
of the partnership.

The plaintiff is entitled to have the partnership affairs liquidated and to recover
her testator's share of the assets, with accretions, if any. It was, therefore,
error for the court to amend the interlocutory judgment which would have
granted the plaintiff the rights stated, so as to provide that the plaintiff is
entitled to the value of the interest of the testator in the partnership as of the
date of his death, with interest thereon, or the value for said interest, with profits
attributable thereto, allowing defendant reasonable compensation for services
for carrying on the business from the date of the death of plaintiff's testator.
Plaintiff was not required to make any such election, but was entitled to recover
the full interest of the testator, with accretions, if any.

APPEAL by the plaintiff, Margaret E. Germann, from an order
of the Supreme Court, made at the Erie Special Term and entered
in the office of the clerk of the county of Erie on the 30th day of
January, 1925, directing an amendment of the original decision
and the interlocutory judgment, and also from so much of the
interlocutory judgment entered in said clerk's office on the 24th
day of December, 1924, as was modified by said order.

*August Becker*, for the appellant.

*Sullivan, Bagley, Wechter & Irvin* [*Karl A. McCormick* of counsel],
for the respondent.

SAWYER, J.   In October, 1916, defendant and plaintiff's testator,
William Germann, entered into a written agreement to become
copartners together under the firm name and style of Jones'
Delicatessen Market and thereafter engaged in such business until
the death of Mr. Germann upon June 30, 1918.

The agreement provided that the copartnership should continue
for ten years from its date; that each of the parties thereto should
have a one-half interest in the partnership property and its affairs
and each be entitled to one-half of the profits and required to pay
one-half of the losses.   The agreement also contemplated that the
business should be managed and conducted by the defendant Jones,
who was to devote his entire time and attention thereto and to
receive therefrom " a salary of one hundred dollars ($100.00)
per month, payable in weekly installments."

Upon the death of Mr. Germann, defendant repudiated the
agreement, took possession, under claim of sole ownership, of the
business and its assets and has ever since conducted same for his own
benefit, refusing to account therefor to Mr. Germann's estate.

This action was brought to establish the copartnership and for
an accounting and resulted in a judgment for plaintiff.   After the
entry of the interlocutory judgment, upon defendant's motion, the
decision and judgment were amended by striking from the former
the following conclusions of law:

" *Second.* That after the payment of all of the partnership debts,
the plaintiff is entitled to one-half of the assets and profits, if
any, made in the business since the time of the commencement of
the partnership, on the 16th day of October, 1916, and that this
defendant is entitled to the other half.

" *Third.* That this defendant shall account to the plaintiff for
all partnership assets, dealings and transactions from the time of
the commencement thereof and for all profits, if any, made in the
business, since the time of the commencement of the partnership
and pay to the plaintiff her share thereof."

And inserting in the place thereof the following:

" *Second.* That the referee hereinafter appointed shall determine
the value of the interest in said partnership of said William Germann,
deceased, at the time of his death, June 30, 1918, and shall allow
to the plaintiff interest on the value of said interest in said partner-
ship from the 30th day of June, 1918, to date, or shall determine
the profits attributable to the use of said right in the property of

the dissolved partnership from June 30, 1918, to date, allowing to the defendant fair and reasonable compensation for his services in continuing the business from the 30th day of June, 1918, to date. That the plaintiff shall elect with the defendant as to whether she will take the value of said interest of said deceased partner at the time of his death, with interest thereon to date, or whether she will take the value of said interest of said deceased partner at the time of his death, with profits attributable to the use of said interest in said   *   *   *   partnership, allowing for the reasonable value of the services of the defendant in carrying on said business from the date of the death of said William Germann to date.

" *Third.* That the referee hereinafter appointed shall report to this court what sum, if any, is due the plaintiff from the defendant."

And from the interlocutory judgment the following:

" Ordered and adjudged that after the payment of all of the partnership debts, the plaintiff is entitled to one-half of the assets and profits, if any, made in the business since the time of the commencement of the partnership on the 16th day of October, 1916, and that this defendant is entitled to the other half, and it is further

" Ordered and adjudged that this defendant shall account to the plaintiff for all partnership assets, dealings and transactions from the time of the commencement thereof and for all profits, if any, made in the business since the time of the commencement of the partnership and pay to the plaintiff her share thereof."

And in lieu thereof inserting:

" Ordered and adjudged, that the plaintiff shall recover the value of the interest of William Germann, deceased, in said copartnership at the date of his death, June 30, 1918, together with interest thereon from said date to date, or the value of the interest of said William Germann, deceased, in said partnership at the date of his death, June 30, 1918, together with the profits attributable to the use of said interest from June 30, 1918, to date, after allowing to the defendant reasonable compensation for his services in carrying on said business from June 30, 1918, to date, and it is further

" Ordered and adjudged that the defendant shall account to the plaintiff for all transactions in said business from October 16, 1916, to date."

These amendments changed the interlocutory judgment from one at common law to that now provided for by section 73 of the Partnership Law. This action was, however, begun in January, 1919, and is, therefore, saved from the operation of the Partnership Law by section 4, subdivision 5, which expressly states that it shall not " affect any action or proceedings begun or right accrued before this chapter takes effect."

It may also be observed that by its terms the remedy provided by section 73 (*supra*) is made subject to certain conditions, none of which here exist. Upon the death of Mr. Germann the copartnership was dissolved and the agreement terminated; the rights of his estate and of the defendant became immediately subject to and are to be determined by the settled rules of the common law. The general doctrine in such cases has been stated by Chief Judge CULLEN to be: " A surviving partner has no right, in the absence of some provision in the partnership articles, to appropriate the firm assets for his own use, although he is willing to pay the value thereof. As to the estate of the deceased partner he is a trustee, bound to liquidate the partnership and dispose of its assets like other trustees. So far as he has disposed of or collected the assets, he must account for their proceeds. If, at the time of the accounting, any of the assets have not been disposed of, or if any partnership property subsequently comes into his hands, he is bound to account to the estate of the deceased partner for its share of what may be realized thereon." (*Joseph* v. *Herzig,* 198 N. Y. 456, 462.)

In the application of the rule it has, however, been the practice of the courts to treat each case individually to the end that equity and exact justice between the parties may prevail. Thus where the surviving partner has in good faith and with consent of the heirs and next of kin of the deceased partner continued the business with profit, the latter were given the option of either sharing in the profits or requiring him to account for their decedent's share in the profits; and where they elected to share in the profits, an equitable allowance was made to the surviving partner for his services. (*McGibbon* v. *Tarbox,* 144 App. Div. 837.) In *Clausen* v. *Puvogel* (114 App. Div. 455) a surviving partner, who was also an administrator of his partner's estate, had in good faith and without objection by his coadministrator continued the business and earned a profit. In the settlement he was made subject to the same election by the heirs of his partner but was denied compensation for his services in continuing the business. In such denial the learned court, while reiterating the general rule that a surviving partner is not entitled to compensation, cites the case of *Matter of Hayden* (54 Hun, 197; affd., 125 N. Y. 776) where an exception to the rule was pointed out, and limited its denial to the ground that being administrator of the estate of the surviving partner he was confined to the fees prescribed by statute.

Mr. Justice PAGE, writing for the First Department about the time this action was begun, says: " There is no fixed rule of law as to the rights of compensation to partners who carry on the business of a partnership after the death of one of the members.

Each case must be decided on equitable principles, appropriate to the facts of the case. As a general rule the surviving partner is not entitled to compensation for his services, it being recognized that his duty requires him to do whatsoever is within his power to further the joint enterprise for the common advantage of all. But there are many exceptions to the rule, where the courts recognize that the rule as applied to the facts would produce an inequitable result. Nothing can move a court of equity but equity and good conscience." (*Stem* v. *Warren*, 185 App. Div. 823, 833.) In the United States courts the rule is not different. " Claims of this sort [by surviving partners for compensation] are not favored. They lead to efforts to prove a disparity between the partners, when the law implies equality. * * * To this general rule there are exceptions, where, under peculiar circumstances, the principles of equity entitle the survivor to compensation." (Then follows statement of various exceptions not differing from those recognized in New York.) (*Consaul* v. *Cummings*, 222 U. S. 262, 269.) It would not be profitable to review the many other cases called to our attention. Sufficient have been noticed to point out the true rule which is laid down by a modern writer in the following language: " For his services in continuing the business the survivor will not be allowed to charge unless there is an agreement therefor, unless the court is satisfied that the services have been very beneficial to the estate, or unless the representatives of the deceased partner elect to share in the profits." (30 Cyc. 640.)

Neither *Greenslete* v. *Ferguson* (191 App. Div. 745) nor *Ongley* v. *Marcin* (214 id. 455), relied upon by respondent, holds otherwise. In both the rule here pointed out is fully recognized but the facts of the particular case prevented its application.

In *Greenslete* v. *Ferguson* (*supra*) the deceased partner at the time of his death had no real interest in the business and the same was abandoned by his representative to the surviving partner; the latter thereupon, believing the business to be his, invested more money and afterwards carried it on at a profit. The court held that under the circumstances plaintiff could legally claim no interest in the business; that even though it were otherwise the surviving partner would be justly entitled to compensation for his services in excess of any sum that might be found due to plaintiff.

*Ongley* v. *Marcin* (*supra*) was a case where two persons contracted with a theatrical producer to write a suitable play. Before the enterprise was well started one died and the play was completed and in fact practically written by the survivor who expended thereon much time and mental labor. In that situation it was held that the survivor was entitled to compensation for his services.

None of the authorities, so far as can be ascertained, present a situation akin to that now before us. This defendant has, from the death of his partner, denied that plaintiff has any interest in the copartnership, its assets and its profits; he claimed and still claims the same to be his own and has appropriated them for himself; he has refused to account to the estate of his partner for either such assets or profits.

No claim is made that plaintiff consented to such appropriation and the facts negative such an assumption. The provision of the partnership contract providing for his " salary " terminated with Mr. Germann's death. Nothing is shown that calls upon the court, in the exercise of its equitable discretion, to relieve him from the strict common-law rules governing surviving partners, and in our opinion the amendments to the decision and interlocutory judgment effecting, as they do, such relief ought not to stand. Otherwise plaintiff would be required to make an election wholly unauthorized in law; would be called upon to compensate defendant for his own wrong and possibly lose the financial value of the firm name and good will which are a part of the firm's assets. (*Slater* v. *Slater*, 175 N. Y. 143.) Appellant is entitled to have the partnership affairs liquidated as originally adjudged and to recover her testator's share of the assets with the accretions, if any.

The order and that part of the interlocutory judgment appealed from should be reversed and the decision and interlocutory judgment as originally signed and entered reinstated, with costs to the appellant.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Order and the interlocutory judgment so far as appealed from reversed on the law and original interlocutory judgment reinstated, with costs.