SHENK, J.
 

 The plaintiff and the defendant formed a copartnership for the purpose of conducting radio station KTRB in the city of Modesto. Subsequently the plaintiff commenced two actions against the defendant. In one he sought to establish a trust for the benefit of the partnership in the real property occupied by the radio station, title to which was held in the name of the defendant. In the other he prayed for an accounting, payment of accrued and overdue partnership debts out of accumulated partnership funds, and equal division of the surplus between the partners. In the first action the defendant joined issue by answer and filed a cross-complaint setting up a claim of sole ownership in himself of the property. In the second action he filed an answer and a cross-complaint claiming 67 per cent ownership of the partnership funds and assets and alleging lack of cooperation on the part of the plaintiff. He asked for an accounting and a division on the basis of his alleged ownership. By a supplemental cross-complaint he sought a termination of the partnership on the ground of the plaintiff’s lack of cooperation theretofore alleged. By an amended supplemental cross-complaint he prayed for a dissolution on the theory that it was a partnership at will, and based on an election by him to terminate the partnership and wind up its affairs.
 

 The trial court found that the parties were equal partners; that the real and the personal property were owned by the parties equally, and that title to the real property was held by the defendant as trustee for the partnership. It adjudged the plaintiff’s right to a conveyance of the real property to the partnership. It found against the defendant on the issues presented by the cross-complaints, denied the defendant’s prayer for dissolution, ordered payment of the partnership debts, and a division of the remaining funds, with the exception of approximately $2,000, equally between the partners.
 

 
 *699
 
 The defendant appealed from the judgment in each action. The appeals are consolidated in one transcript and are now considered together.
 

 The defendant does not appear to question the correctness of the judgment in the first action, nor the conclusion of the court that the parties are equal partners. The only ground of appeal is that the court erred in denying the defendant the right to a dissolution of the partnership.
 

 The partnership was formed on October 1, 1933. A year later the parties reached an accord concerning the status of the partnership assets and liabilities, which disclosed that the plaintiff had contributed to the partnership about $300 more than the defendant. On October 1, 1936, undisbursed and undivided partnership funds to the extent of $16,572.46 had accumulated on deposit in banks. Partnership obligations, in addition to the excess contribution of the plaintiff, amounted to nearly $4,000. The partnership was liable for 7 per cent interest on that sum, but its funds on deposit were not drawing interest. The trial court found that the defendant, whose signature was required on all checks, had refused to sign or countersign checks for the payment of the partnership debts, although there was ample money on hand for the purpose, and refused to sign any checks dividing the profits between the parties. The court also found that the plaintiff had not refused to render an account or to cooperate in handling the partnership affairs, but that the defendant had so conducted himself toward the partnership that it became extremely difficult to carry on the business of the partnership in a practical, economical or businesslike manner; that the defendant denied to the plaintiff the use of the key to the partnership mail box; that he kept the partnership books under lock and key and refused access thereto to the plaintiff; and that his refusal to pay the partnership debts had caused considerable loss. On the issues raised by the application of the defendant for dissolution, the court expressly found that the defendant had not come into equity with “clean hands”; that to order a dissolution at the time would destroy a large part of the value of the business due to the fact that a federal license to operate the radio station was under the control of the federal communications commission and could not be sold at a dissolution sale. The court further found that the “partnership was formed for
 
 *700
 
 the purpose of building, constructing, operating and maintaining radio station KTRB so long as the license therefor could be obtained from the federal government”, and that the station was operating on a license that must be renewed every six months.
 

 The evidence, including that referred to by the defendant, supports the foregoing findings. However, the defendant contends that the partnership was one at will and that, without any further consideration, he was entitled to a dissolution pursuant to sections 2425 (1) (b) and 2426 (2) (b) of the Civil Code. The first of those sections states that a dissolution is caused “by the express will of any partner when no definite time or particular undertaking is specified”. The other permits a dissolution by decree of court under prescribed circumstances if the partnership be one at will. The finding that the partnership was formed for a definite undertaking, namely, for the construction, operation and maintenance of the radio broadcasting station KTRB, and so long as the federal license therefor could be procured, is fully supported by the record, and negatives any conclusion which otherwise might be drawn that the partnership was one at will. A finding now as matter of law that the partnership was of that nature would not be justified.
 

 Equitable principles apply in determining the rights of the parties to an action for an accounting between partners, for dissolution of the partnership, and settlement of its affairs.
 
 (Freeman
 
 v.
 
 Donohue,
 
 65 Cal. App. 65, 79 [223 Pac. 431].) No serious contention may be made that the defendant, himself at fault, may prevail on his application for a dissolution if it would cause loss to the partnership. Equity may refuse dissolution and act to prevent the loss to the partnership if it is expedient to do so, rather than to relegate the plaintiff to his action for damages for breach of the contract.
 
 (Gerard
 
 v.
 
 Gateau,
 
 84 Ill. 121 [25 Am. Rep. 438].)
 

 In
 
 Karrick
 
 v.
 
 Hannaman,
 
 168 U. S. 328 [18 Sup. Ct. 135, 42 L. Ed. 484], it was said: “A court of equity, doubtless, will not assist the partner breaking his contract to procure a dissolution of the partnership, because, upon familiar principles, a partner who has not fully and fairly performed the partnership agreement on his part has no standing in a court of equity to enforce any rights under the agreement,”
 
 *701
 
 citing
 
 Rutland Marble Co.
 
 v.
 
 Ripley,
 
 10 Wall. 339, 358 [19 L. Ed. 955]. (See, also,
 
 Josephthal
 
 v.
 
 Gold,
 
 104 Misc. 137 [171 N. Y. Supp. 1041, 1042].)
 

 It is true that the foregoing cases necessarily recognize that there can be no such thing as an indissoluble partnership, and that circumstances may arise which would make it inexpedient for a court of equity to prevent the dissolution. Nevertheless the grounds for premature dissolution must be serious, and will not be recognized as justifiable when the suit is by the partner found to be at fault and when such dissolution will cause losses to the partnership or destruction of the value of partnership assets or property.
 

 The defendant has not shown error or abuse of discretion on the part of the trial court.
 

 The judgment is affirmed.
 

 Houser, J., Waste, C. J., Curtis, J., and Edmonds, J., concurred.