[L. A. No. 23289.  In Bank.  Dec. 23, 1955.]

NICK VANGEL et al., Respondents, v. CHARLES
VANGEL, Appellant.

Pacht, Tannenbaum & Ross, Isaac Pacht, Rudolph Pacht, Jerry Pacht, Pacht, Ross, Warne & Bernhard and Clore Warne for Appellant.

J. Howard Sullivan and Joseph T. Enright for Respondents.

EDMONDS, J.—A judgment dissolving the partnership of Nick, Ernest and Charles Vangel and determining their respective financial interests in it was reversed with directions to take an accounting and enter a judgment in accordance with the views expressed in the opinion. (*Vangel* v. *Vangel,* 116 Cal.App.2d 615 [254 P.2d 919].) Upon the retrial, the values of the respective shares to which the former partners are entitled was determined and the profits accruing between the dissolution and the winding up of the partnership apportioned between them. The present appeal is from that judgment.

In 1944, the three brothers purchased a citrus ranch pursuant to a written partnership agreement. After the commencement of operations, a dispute arose which culminated

in an action by Nick and Ernest to dissolve the partnership. By the prior judgment, a dissolution was decreed effective as of June 15, 1950. The court found that Charles wrongfully caused the dissolution and concluded that Nick and Ernest were privileged to purchase his interest. The value of the ranch was fixed at $235,000, and a finding was made as to the value of Charles' interest in the partnership. According to another finding, he was entitled to participate in profits accruing between the date of dissolution and January 1, 1951.

Upon the prior appeal, findings as to the value of the ranch property and Charles' fault in causing the dissolution were approved. It was held that the trial judge properly allowed the plaintiffs to purchase Charles' interest, but that he erred in failing to include certain items in his valuation of it. Furthermore, said the District Court of Appeal, the right of Charles to participate in profits accumulated by joint use of the partnership assets should not have been terminated as of January 1, 1951. That period, it was determined, should extend so as to include the proceeds from fruit substantially matured and soon ready for marketing, the final date to be left to the sound judgment of the chancellor. As to those matters, the judgment was reversed with directions for an accounting.

The amounts of profits from the operation of the ranch after dissolution of the partnership and of set-offs, claims and advances, as determined upon the retrial, are not now disputed. The value of Charles' interest in the partnership at the time of dissolution based upon those amounts, was found to be 23.96 per cent of the partnership net worth. The court also declared that Charles is entitled to that percentage of the profits from the operation of the ranch accruing between the date of dissolution and the winding up of the partnership affairs. Another finding is that "whatever services defendant may have rendered toward the conduct of the partnership affairs, from the date of the dissolution of the partnership . . . was voluntary on his part and against the wishes and directions of the plaintiffs."

The judgment gives Nick and Ernest, *inter alia*, the right to purchase Charles' interest in the partnership for its value as determined at the retrial, plus interest on that amount from September 8, 1953. Charles is allowed 23.96 per cent of the profits accruing prior to that date and the same percentage of certain proceeds from sales of crops. He is denied any wages for services performed after the dissolution of

the partnership and must pay 23.96 per cent of the costs of the audit.

Charles contends that the trial judge erred in his computations of the values at the time of the dissolution, of the respective partnership interests and of the partners' shares of the profits accruing between dissolution and the winding up of the partnership affairs. He also challenges the finding that his post-dissolution services were "voluntary" and "against the wishes and directions of the plaintiffs" as being without support in the evidence. Finally, he contends that he should not have been taxed any of the costs of conducting the audit upon the retrial.

With regard to the value of the partnership interests, Charles argues that the trial judge erred in including in the partners' capital accounts items which properly are personal obligations of the partners *inter sese*. He objects particularly to the inclusion of an item of $25,000, advanced to him by the other partners upon the purchase of the ranch, and another one of $42,000, which his brothers assertedly withdrew improperly from partnership funds.

Upon the former appeal, however, it was held that these items were, respectively, an obligation owing to the partnership and a distribution of profits. By including those items in his computations of the values of the partners' interests in the partnership, the trial judge followed the mandate of the District Court of Appeal: "In ascertaining such interest not only is the value of the ranch to be considered as of that date [June 15, 1950] as well as other capital assets, liabilities and expenses, but also the claims which the partnership had against the brothers *and their set-offs among themselves* should have been computed as of June 15, 1950, with interest to that time." (Emphasis added, 116 Cal.App. 2d 629-630.) The court further said "in determining the respective financial interests in the partnership business as of that date consideration must be given to the $25,000 which plaintiffs advanced for defendant, and to the $42,000 which plaintiffs improperly withheld and distributed, together with interest on said sums to date of dissolution. All other assets and liabilities of the partnership, together with any claims of the parties *inter se,* must be included in the ascertainment of the respective interests of the plaintiffs and the defendant." (P. 633.)

In attacking the portion of the judgment limiting him to 23.96 per cent of the post-dissolution profits, Charles has

presented several theories as justifying a larger amount. It is unnecessary to consider all of them, however, because the computation of his share was made upon an erroneous basis.

Upon the former appeal it was held that the trial judge was correct in concluding that the partnership had been dissolved by reason of Charles' breach of the partnership agreement and that the remaining partners had exercised their privilege of continuing the partnership business. (Corp. Code, § 15038, subd. (2b).) In that situation, Charles was entitled to have computed the value of his interest in the partnership, exclusive of his share of the good will of the business, and less any damages caused to his copartners. (Corp. Code, § 15038, subd. (2c II).) For the use of his partnership assets in the continuing business, pending a settlement of the accounts, he was entitled to receive "as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option . . . in lieu of interest, the profits *attributable to the use of his right in the property* of the dissolved partnership." (Emphasis added; Corp. Code, § 15042.) Said the District Court of Appeal, "From the position defendant has taken on this appeal it is fair to say that he has elected to take profits rather than interest on the value of his share of the partnership." (116 Cal.App.2d 629.)

The record presents the rather unusual situation of a partner, expelled from the partnership for cause and by judicial decree, continuing to participate with his former partners in the operation and management of the business. Charles contends that he is entitled to receive compensation for services so performed. In reply, his brothers rely upon the finding that his post-dissolution services were voluntary and against their wishes. However, the evidence does not support that finding. It appears that Charles continued to participate in the business in substantially the same manner as before the action for dissolution. There is no evidence of any protest by his brothers. On the contrary, they appear to have acquiesced fully in his continuing services.

Section 15042 of the Corporations Code fixes the right of one retired from a partnership for cause, or the personal representative of a deceased partner, to recover compensation for the use of his assets in the continuing business pending an accounting. In such case, he is entitled to "the profits attributable to the use of his right in the property." As a practical matter, his share of the profits usually is com-

puted on the basis of the ratio that his share of the partnership assets bears to the whole of them. (*Cf. Nuland* v. *Pruyn,* 99 Cal.App.2d 603, 614 [222 P.2d 261]; *Hall* v. *Watson,* 73 Cal.App.2d 735, 738 [167 P.2d 210]; see anno. 80 A.L.R. 12, 59.) However, that division may not be equitable when the contribution to profits from capital is relatively minor in comparison to the contribution from the skills or services of one conducting the business. In such a case, the managing partner may be entitled to a greater share of the profits. (*Griggs* v. *Clark,* 23 Cal. 427, 430; *Painter* v. *Painter,* 4 Cal. Unrep. 636 [36 P. 865].) Although such a method of dividing profits is usually spoken of in terms of providing extra compensation for the managing ex-partner, in reality it merely reflects the statutory requirement that the retired or deceased partner be allowed the profits attributable to his right in the assets used in the business.

No California case considers the right to compensation for services in a continuing business of one whose fault has caused the dissolution of the partnership. The authorities in other jurisdictions are in conflict. (Denying compensation: *Major* v. *Todd,* 84 Mich. 85 [47 N.W. 841]; *Germann* v. *Jones,* 220 App.Div. 5 [221 N.Y.S. 32]; see *Zimmerman* v. *Harding,* 227 U.S. 489 [33 S.Ct. 387, 57 L.Ed. 608]. Allowing compensation: *Drummond* v. *Batson,* 162 Ark. 407 [258 S.W. 616]; *Hartman* v. *Woehr,* 18 N.J.Eq. 383.) Those which deny recovery generally proceed upon a theory similar to the unclean hands principle; most of the decisions which allow recovery are based upon the principle that one who seeks equity must do equity.

In the present case the balance of the equities favors the allowance of compensation based upon services rendered. The type of operation here shown is one which involves a considerable amount of service and skill in the cultivation and harvesting of a citrus crop. Furthermore, it would be inequitable to deny Charles compensation for his services when his brothers acquiesced in them.

The respondents take the position, however, that the requirement that profits be apportioned according to the values of the partnership interests without compensation to Charles for his post-dissolution services is the law of the case as established in *Vangel* v. *Vangel, supra.* It is unnecessary to pass upon this contention. ■ "The doctrine of the law of the case is recognized as a harsh one . . . and the modern view is that it should not be adhered to when the application of it results in

a manifestly unjust decision." (*England* v. *Hospital of Good Samaritan*, 14 Cal.2d 791, 795 [97 P.2d 813].) Even if the decision upon the former appeal be construed as limiting the apportionment of profits in the manner suggested, it would be unjust to do so, and the decision should not be followed to that extent.

The judgment, insofar as it determines the value of the partnership interests and the total amount of post-dissolution profits to be distributed among the ex-partners, is based upon findings which are supported by substantial evidence. However, those profits are divided solely upon the basis of the relative values of the partners' interests in the partnership property. The amount of profits attributable to the use of Charles' share of the asests and also those allocable to his services in the continuing business should have been considered in the apportionment.

No error is shown in the award of costs. ▮ A proceeding to dissolve and liquidate a partnership is controlled by equitable principles (*Bates* v. *McTammany*, 10 Cal.2d 697, 700 [76 P.2d 513]), and the trial judge has a broad discretion in fixing costs. Code Civ. Proc., § 1032, subd. (c) ; *State Finance Co.* v. *Hershel Calif. Fruit Products Co.*, 8 Cal.App.2d 524, 531 [47 P.2d 821] ; *Merlino* v. *Fresno Macaroni Mfg. Co.*, 74 Cal.App.2d 120, 126 [168 P.2d 182].)

The judgment is reversed with directions to the trial court to determine, in accordance with this opinion, the respective share of the profits to which each partner is entitled. In all other respects the judgment is affirmed. The costs upon this appeal shall be divided equally between the appellant and the respondents.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.