[Civ. No. 24734. Third Dist. Aug. 25, 1986.]

HANK MILLER, Cross-complainant and Respondent, v.
AMERICAN HONDA MOTOR CO., INC.,
Cross-defendant and Appellant.

**COUNSEL**

Clyde Small for Cross-defendant and Appellant.

Halkides & Morgan, Arthur L. Morgan and Harry C. Carpelan for Cross-complainant and Respondent.

## OPINION

**SPARKS, J.**—In this case we examine the right to recover costs on a cross-complaint for comparative equitable indemnity. As its name suggests, such an action is equitable in nature and, as is the case with all equitable actions, costs are not recoverable as a matter of right but "may be allowed or not . . . in the discretion of the court." (Code Civ. Proc., § 1032, subd. (c).) Because we conclude that the trial court did not abuse its discretion in denying costs, we shall affirm the judgment below.

### FACTUAL AND PROCEDURAL BACKGROUND

Hank Miller, doing business as Sierra Cycle and Chain Saw, sold a motorcycle to Juan Roberto Guzman. When Guzman failed to make the agreed payments for the motorcycle, Miller sued him in the justice court for the unpaid balance. The pace of the litigation then escalated. Guzman filed a cross-complaint against Miller for personal injuries alleged to have been caused by a defective condition of the motorcycle. The matter was transferred to the superior court. (See Code Civ. Proc., § 396.)

In his cross-complaint Guzman also sued the distributor of the motorcycle as a cross-defendant. Apparently unaware of its correct corporate name, Guzman misnamed the distributor as "Honda Motorcycle Corporation." Guzman, however, for reasons not disclosed in the record, served only Miller with the cross-complaint at that time. Following Guzman's lead, Miller in turn filed a cross-complaint for comparative equitable indemnity against Honda Motorcycle Corporation but caused it to be served upon appellant American Honda Motor Co., Inc. (Honda). Guzman subsequently served his personal injury cross-complaint upon Honda.

The case was tried to a jury. By special verdict the jury found that there was no defect in the motorcycle sold to Guzman, and that neither Miller nor Honda was negligent. Judgment was entered in favor of Miller on the motorcycle debt and in favor of Miller and Honda on the personal injury cause of action and they were each awarded their costs against Guzman. For reasons not apparent from the record, the indemnity cross-complaint was not dismissed and no judgment was ever entered concerning it. Honda sought and was denied an award of costs against Miller on the cross-complaint for indemnity. Honda appeals from the denial of costs against Miller.

## Discussion

The right to recover costs in a judicial action is wholly dependent upon statute. (*La Mesa–Spring Valley School Dist.* v. *Otsuka* (1962) 57 Cal.2d 309, 312 [19 Cal.Rptr. 479, 369 P.2d 7]; see generally 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 84, p. 520.) The principal statute dealing with costs, and the one relevant here, is Code of Civil Procedure section 1032. Subdivision (a) of that section authorizes an award of costs as a matter of right to a successful plaintiff in specified actions, including "an action for the recovery of money or damages." Subdivision (b) authorizes an award of costs to a successful defendant in the actions listed in subdivision (a), in a special proceeding, and where an action is dismissed.[1] Subdivision (c) provides that "[i]n other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

Honda contends that it is entitled to recover its costs against Miller as a matter of statutory right under section 1032, subdivisions (a) and (b) because it prevailed on the cross-complaint. It prevailed, Honda asserts, because Miller did not obtain any relief and no judgment was entered against Honda on the cross-complaint.[2] Honda further argues that the cross-complaint for comparative indemnity by Miller was "an action for the recovery of money or damages" under subdivision (a), entitling it to costs as a matter of right when it prevailed. We disagree on both counts. First,

---

[1] Code of Civil Procedure section 1032, subdivisions (a) and (b) read: "In the superior court, except as otherwise expressly provided, costs are allowed of course: [¶] (a) To a plaintiff upon a judgment in his favor: in an action for the recovery of real property; in an action to recover the possession of personal property; in an action for the recovery of money or damages; in a special proceeding; in an action which involves the title or possession of real estate or the legality of a tax, impost, assessment, toll, or municipal fine. [¶] (b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed. When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor."

All further statutory references are to the Code of Civil Procedure.

[2] Since Guzman did not obtain a verdict against Miller, the cross-complaint for equitable indemnity against Honda was rendered moot. Miller's equitable rights against Honda were obviously contingent because they would arise only in the event that Miller was found liable to Guzman on the personal injury action for more than his proportionate share of fault. Because Miller was exonerated, his claim for equitable relief never materialized. Under section 1033, only "the party in whose favor the judgment is ordered or the dismissal is granted" is entitled to recover costs by filing a timely cost bill. In light of the costs statutes, the mooted cross-complaint should have been dismissed. (See *Guardianship of Baby Boy M.* (1977) 66 Cal.App.3d 254, 276 [135 Cal.Rptr. 866]; *Wilson* v. *L. A. County Civil Service Com.* (1952) 112 Cal.App.2d 450, 452-453 [246 P.2d 688].)

as we shall explain, a cross-complaint for comparative equitable indemnity is not an action for the recovery of money or damages within the meaning of the statute. It is instead a proceeding in equity by a tort defendant seeking an "equitable distribution of loss among multiple tortfeasors." (*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 591 [146 Cal.Rptr. 182, 578 P.2d 899]; see also *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 748 [163 Cal.Rptr. 585, 608 P.2d 673].) ██ Second, under the facts of this case, the trial court was entitled to conclude that neither party prevailed on the cross-complaint for comparative equitable indemnity.

██ In his cross-complaint Miller alleged that if Guzman had been injured by a defect in the motorcycle then Honda was totally or partly at fault and in "[e]quity and good conscience" Honda should indemnify him in the event of a judgment in favor of Guzman. The plea in equity was well taken. In the absence of a contractual provision for indemnity, the right of one party to seek indemnity or contribution from another has always been considered equitable in origin. (See *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at pp. 591-599 [reviewing the origins and development of the common law equitable indemnity doctrine]; see also 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, §§ 122-123, pp. 5341-5342.) Before the Supreme Court adopted comparative negligence as the law of California in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the Legislature had statutorily provided for a limited right of contribution among joint tortfeasors. (§ 875, enacted in Stats. 1957, ch. 1700, § 1, pp. 3076-3077.) In holding that the former "all or nothing" contribution rule should give way to a comparative equitable indemnity doctrine, the Supreme Court emphasized the equitable nature of contribution and indemnity principles. (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at pp. 602-603.) The court noted that California's contribution statute, then as now, "contains a specific provision which explicitly mandates that the 'right of contribution shall be administered in accordance with the principles of equity.' (Code Civ. Proc., § 875, subd. (b).)" (*Id.,* at p. 602.) Indeed, noncontractual indemnity and contribution have historically been "based on equitable considerations of unjust enrichment and restitution." (Werner, *Contribution and Indemnity in California* (1969) 57 Cal.L.Rev. 490, 491, fn. omitted.) Steeped in this history of equity, it is clear that a cross-complaint for comparative equitable indemnity under *American Motorcycle* is an equitable action. (See *Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322, 328 [146 Cal.Rptr. 550, 579 P.2d 441].)

An award of costs in an equitable action is beyond the pale of subdivisions (a) and (b) of section 1032. Costs in equitable actions are instead governed

by the discretionary provisions of subdivision (c) of section 1032. (*Vangel v. Vangel* (1955) 45 Cal.2d 804, 810 [291 P.2d 25, 55 A.L.R.2d 1385]; *Wheeler* v. *First National Bank* (1937) 10 Cal.2d 185, 190-191 [73 P.2d 889]; *Neider* v. *Dardi* (1957) 152 Cal.App.2d 156, 165 [313 P.2d 72].) This is true even though the relief sought or obtained may take the form of a payment of money. (*Ibid.*) ■ We hold then that an action for comparative equitable indemnity between joint tortfeasors is governed by principles of equity and, as in other equitable actions, an award of costs is committed to the discretion of the trial court under subdivision (c) of section 1032.

We turn now to the question of whether the trial court abused its discretion by denying costs to Honda. ■ Some of the factors a court should consider in fixing costs in an action for comparative indemnity may be gleaned from the authorities. An important consideration is whether either party may be considered to have prevailed. "A party who nominally wins but does not receive any substantial recovery or successfully maintain any substantial defense should not receive costs." (7 Witkin, Cal. Procedure, *supra*, Judgment, § 94, p. 528.) And consideration may be given to whether a party prevailed on the primary purpose of the litigation but for extraneous reasons did not receive a favorable judgment. (See *Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 52-53 [162 Cal.Rptr. 238] [plaintiffs prevailed by receiving a substantial jury verdict even though after reduction for a prior settlement they received a zero judgment]; *Lewin* v. *Board of Trustees* (1976) 62 Cal.App.3d 977, 983-984 [133 Cal.Rptr. 385] [plaintiffs considered to have prevailed although the defendants' voluntary compliance with their demands rendered the matter moot before judgment]; *Strickland* v. *Becks* (1979) 95 Cal.App.3d Supp. 18, 21 [157 Cal.Rptr. 656] [defendant in an unlawful detainer action was entitled to costs although the landlord obtained a judgment for reduced rent because the landlord failed to establish her claim for possession].) Other considerations may include whether the parties may be considered to have been united in interest in the main action (cf. § 1032, subd. (b)), and whether one party may be considered to bear the responsibility of having brought the other party into the main action (*Davis* v. *Wilde* (1961) 197 Cal.App.2d 855, 857 [17 Cal.Rptr. 925]). These factors are, of course, not exhaustive; a trial court may consider any factor reasonably related to the determination of a fair and equitable allocation of costs. **(6)** On appeal the issue is whether the trial court abused its discretion in the award or refusal to award costs. (*Vangel* v. *Vangel, supra,* 45 Cal.2d at p. 810.)

■ In this case the trial court required the parties to the comparative indemnity action to bear their own costs. We find no abuse of discretion in that decision. Honda implies that it would not have been brought into the action were it not for Miller's cross-complaint. However, in a personal injury

action based upon an allegedly defective product the distributor of that product is a natural, even obvious, potential party defendant. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 605, pp. 2884-2885.) It is totally speculative whether Guzman would have pursued the action against Honda in the absence of the cross-complaint of Miller.

Honda points out that it was not mandatory for Miller to cross-complain against it and stresses that it did not file a reciprocal cross-complaint against Miller. The allure of that argument is superficial. In his action Guzman sought to establish the liability of both defendants and, if he succeeded, the judgment would have been joint and several. In that event, Guzman could have satisfied his judgment entirely against either or both defendants. (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at pp. 586-590.) Had Guzman prevailed against both Miller and Honda, a decision on the comparative indemnity complaint would have inured to the benefit of Honda as well as Miller since under principles of collateral estoppel such a decision would have established the defendants' respective degrees of fault and thus Honda's right of indemnity against Miller in the event Guzman had chosen to satisfy his judgment against Honda only. (See *King* v. *Timber Structures, Inc.* (1966) 240 Cal.App.2d 178, 182-184 [49 Cal.Rptr. 414].)

In this action Miller and Honda were united in interest with respect to defending Guzman's claim for personal injuries due to a defective product. They were adverse to each other only in the event Guzman prevailed. When they defeated Guzman's claims, there was no issue remaining between them. The trial court recognized that the decision against Guzman rendered the issues between Miller and Honda moot and held that under the circumstances neither party could be considered to have prevailed. The trial court therefore required Miller and Honda to bear their own costs in the mooted comparative indemnity action. That decision is supported by the record and cannot be considered an abuse of discretion.

The judgment is affirmed.

Evans, Acting P. J., and Sims, J., concurred.