[Civ. No. 15083.   Second Dist., Div. Three.   Mar. 29, 1946.]

RICHARD D. HALL, Appellant, v. C. W. WATSON et al., Respondents.

Robert M. Miller for Appellant.

Oliver O. Clark and Robert A. Smith for Respondents.

WOOD, J.—Action for termination of partnership and for an accounting. Judgment was in favor of plaintiff for $438.20. He appeals therefrom upon the ground that the court erred in not requiring defendants to account for profits acquired from the operation of the business during the period of time from the dissolution to the final winding up of the partnership affairs.

The appeal is upon the judgment roll. The court found as follows: About December 19, 1943, plaintiff and defendants entered into a partnership agreement for the purpose of purchasing and operating a cafe. They were to be equal partners, each owning a third, except that plaintiff was to receive $75 per week for operating and managing the business, and defendants were not required to devote any time thereto. All were to contribute equally in the purchase of the business, except that defendants were to advance plaintiff's portion and he agreed to repay such advances from his share of the profits. There was no definite period of time for the existence of the partnership. On December 19, 1943, the partners purchased the cafe, together with the good will, trade name, fixtures, lease and other assets, paying therefor $3,000, and thereafter they paid $695.70 for additional assets, making a total investment of $3,695.70. The defendants contributed all of said sum, the plaintiff agreeing to pay his one-third thereof from his profits. They commenced operating the cafe on December 19, 1943, and plaintiff received $75 per week for his services until January 17, 1944, at which time the defendants dissolved the partnership and thereafter continued to operate the business. The court further found that from the commencement of the partnership until January 17, 1944, the business was operated at a loss of $185.40, and plaintiff was indebted to the partnership for one-third thereof, being the

sum of $61.80; that on January 17, 1944, the assets of the partnership had appreciated in value $1,500 more than the amount of the purchase price, making the value of the assets $5,195.70 on January 17, 1944. That plaintiff was entitled to one-third thereof, that is, $1,731.90. That from said sum there should be deducted $1,231.90, the amount advanced by defendants for plaintiff's part of the purchase price, and the sum of $61.80, his share of the losses.

The court concluded that defendants were indebted to plaintiff in the sum of $438.20, and that plaintiff was not entitled .to an accounting for profits arising from the use of the assets after January 17, 1944.

The dissolution of the partnership on January 17, 1944, was not a termination of it. Section 2423 of the Civil Code provides that: "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." Section 2424 of that code provides: "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

▮ Plaintiff contends that he was entitled to an accounting of profits from the time of the dissolution to the time of the winding up of the partnership affairs by rendition of judgment. He relies principally upon the case of *Ruppe* v. *Utter*, 76 Cal.App. 19 [243 P. 715], which held that the plaintiff therein was entitled to an accounting of profits after the dissolution of the partnership. In that case the partnership had been in existence about seven years prior to dissolution, each partner had paid his share of the capital investment, and the partner who continued the business after the dissolution used the assets in which the retiring partner had a substantial interest. The liquidation therein following dissolution was an involved matter, and, although some of the accounting matters were settled by the partners, a disposition of assets was necessary in order to wind up the partnership. It is the general rule that where the assets of a partnership are used by one partner in continuing the business after dissolution, he is accountable to the retiring partner for profits acquired after dissolution and before termination of the partnership. (40 Am.Jur. 388.) "The right of a partner to share in the profits earned by the continuation of a partnership business after

the dissolution of the firm is founded upon the use to which such partner's interest in the capital of the firm has been put in earning these subsequent profits, and if the partner claiming an interest in the profits earned after the dissolution of the partnership has no interest in the assets or capital of the firm after dissolution, he is not entitled to share in the profits earned. The same result is reached where the complaining partner's interest in the capital is negligible.'' (40 Am.Jur. 398, § 390.) It is also said therein at page 399 that: ''It would seem that if, by reason of . . . the excessive indebtedness of the partner to the firm, the partner has no interest, or at least only a nominal interest, remaining in the firm, he should not be entitled to a share of the subsequently earned profits.''

The partnership herein had been in existence about one month, during which time plaintiff was paid $75 per week for his services. The defendants had paid all the money for the purchase of the assets. The plaintiff had made no payment on the capital investment, he was under no obligation to pay for his share thereof except from his profits, and after the dissolution he was not in a position to pay from that source. There were no partnership liabilities. As above stated, there was no provision that the partnership should exist for a definite time. The court rendered an accounting up to the time of the dissolution, allowing plaintiff his share of the appreciated value of the assets, and no question is raised on this appeal concerning that accounting. After dissolution the interest of plaintiff in the assets was not such that he was entitled to an accounting of profits from the dissolution to the termination of the partnership.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.