[Civ. No. 16588. First Dist., Div. One. Apr. 9, 1956.]

LOUIS J. URZI, Appellant, v. SEBASTIAN A. URZI, Respondent.

590

Morgan & Beauzay and Robert Morgan for Appellant.

Foley & Foley and James W. Foley for Respondent.

PETERS, P. J.—Plaintiff, Louis Urzi, a former partner of defendant Sebastian Urzi, brought this action for an accounting, for a distribution of partnership assets, and for a share in the profits of two partnerships entered into by defendant subsequent to the dissolution of the partnership with plaintiff. The defendant cross-complained. The trial court denied any relief to plaintiff, held that defendant was entitled to all of the partnership assets in his possession, and, in addition, that the plaintiff owed defendant $3,276.70. The plaintiff appeals.

On May 10, 1947, the plaintiff and defendant entered into an oral partnership, terminable at will, for the operation of a restaurant in San Jose. Under the oral agreement the defendant contributed the premises on which the restaurant was conducted and some of the equipment and fixtures. The plaintiff agreed to conduct and manage the restaurant and to keep the partnership books. The parties were to share equally in the profits of the venture, without any charge by defendant for use of his capital, or by plaintiff for his managerial services. Some of the equipment used in the restaurant was purchased on credit before operations began, and there were some loans against the business. These were paid off out of partnership funds or by defendant personally.

A firm of accountants appointed by the court found that when the partnership was dissolved plaintiff had contributed $3,145.01 and defendant $8,802.85, to the capital of the partnership. The parties agree that these figures are correct.

After operations began defendant became restive because there was no division of profits. He asked the bookkeeper of the partnership about this and was told that there were no profits to split. Plaintiff told defendant that profits would be divided at the end of 1948. However, no profits were then divided. Defendant protested, and an argument ensued. Thereafter, on April 4, 1949, defendant served on plaintiff a notice of dissolution, retook possession of the restaurant and of most of the equipment, and padlocked the doors. The restaurant was closed for four months. The court-appointed auditors came to the conclusion that the profit shown on the books was "substantially under the normal shown by similar operations." The auditors pointed out that the books did not show any receipts from amusement machines, punchboard,

or pool table, and also pointed out that a State Board of Equalization audit for the period here in question, for sales tax purposes, had increased the sales as reported by $10,873.79, and imposed a tax and penalty for not reporting such sales of $305.26, which was paid by plaintiff. The State Board of Equalization had destroyed its records showing the basis for this assessment. The books of the partnership, kept by plaintiff or under his supervision, for the period of May 10, 1947, to April 10, 1949, the period of the partnership, showed net profit as $3,380.10.

In July of 1949 defendant entered into a new partnership with a third person for the operation of the restaurant, using the same building, equipment and fixtures as had previously been used by the Urzi brothers. This partnership was terminated in July of 1950, and then defendant entered into a partnership with one Lonero for the operation of the business. The profits of these two partnerships from 1949 to April of 1954, when the present action was tried, totalled over $28,000.

In May of 1949 plaintiff brought this present action. The cross-complaint of defendant, also for an accounting, charged that during the partnership, and since its dissolution, plaintiff failed to make a complete accounting to defendant.

The trial court found that at the time of dissolution the defendant took, and still has possession of, the partnership assets; that such assets were valued at $11,947.86; that during the life of the partnership plaintiff collected, and failed to account for, sales above those shown by the books, totalling $10,873.79; that, in addition, plaintiff collected undistributed profits of the partnership in the amount of $2,780.10. The court then computed plaintiff's interest in the furnishings and equipment by ascertaining the proportional capital contributions—$3,145.01 for plaintiff and $8,802.85 for defendant— and thus determined that plaintiff was entitled to 27.16 per cent of the $11,947.86, the value of the fixtures, or $3,245.03 for this item. But plaintiff had in his possession undistributed profits totalling $13,653.89. Defendant was entitled to one-half of this, or $6,826.99. (There is a 4½-cent error here in computation.) As against this plaintiff was entitled to a credit for the payment of the tax to the State Board of Equalization, which raised plaintiff's credit to $3,550.29. The court thereupon offset this against the $6,826.99 due from plaintiff, and found that plaintiff owed defendant $3,276.70.

Based on these computations the trial court adjudged that plaintiff was entitled to nothing and that defendant was en-

titled to all of the assets in his possession, plus the sum of $3,276.70. Plaintiff appeals.

The main controversy is over whether plaintiff is entitled to share in the profits of the two partnerships operated by defendant after dissolution of the partnership with plaintiff. Plaintiff correctly points out that the dissolution on April 4, 1949, did not terminate the partnership. (Corp. Code, §§ 15029 and 15030.) He then relies on the well-settled general rule that "where the assets of a partnership are used by one partner in continuing the business after dissolution, he is accountable to the retiring partner for profits acquired after dissolution and before termination of the partnership." (*Hall* v. *Watson*, 73 Cal.App.2d 735, 737 [167 P.2d 210]; see also *Ruppe* v. *Utter*, 76 Cal.App. 19 [243 P. 715]; *Vangel* v. *Vangel*, 116 Cal.App.2d 615 [254 P.2d 919]; *Sibert* v. *Shaver*, 111 Cal.App.2d 833 [245 P.2d 514]; *Nuland* v. *Pruyn*, 99 Cal. App.2d 603 [222 P.2d 261].) This general rule has been codified in the Uniform Partnership Act and adopted in California in section 15042 of the Corporations Code, which provides: "When any partner retires or dies, and the business is continued . . . without any settlement of accounts, . . . unless otherwise agreed, he or his legal representative . . . may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option . . . in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership."

Defendant makes several answers to this contention. They need not all be discussed because the complete answer to plaintiff's contention that the general rule embodied in section 15042 of the Corporations Code is here applicable is to be found in the case of *Hall* v. *Watson*, 73 Cal.App.2d 735 [167 P.2d 210]. That case held that that general rule is predicated on the theory that a partner is entitled to share, after dissolution, in the profits derived in part from the use of assets in which he has an interest. But where, at the time of dissolution he has, in fact, no interest in such assets he is not entitled to any division of profits earned by them. In the Watson case the plaintiff and two defendants entered into a partnership at will to purchase and operate a café, each to contribute one-third of the cost. The two defendants agreed to advance plaintiff's share, it being intended that plaintiff was to repay defendants out of profits. Plaintiff was to manage the busi-

ness and to receive $75 a week. The plaintiff operated the business for one month. Defendants then dissolved the partnership, and, thereafter, and before termination, continued to operate the business. The plaintiff brought the action for a termination and accounting, claiming, among other things, that he was entitled to a share of the profits after dissolution. The trial court found, as in the instant case, the plaintiff was not entitled to an accounting of the profits earned after dissolution. This was affirmed by the appellate court. Much of what the court there said is applicable here. At page 737 it is stated:

"Plaintiff contends that he was entitled to an accounting of profits from the time of the dissolution to the time of the winding up of the partnership affairs by rendition of judgment. He relies principally upon the case of *Ruppe* v. *Utter*, 76 Cal.App. 19 [243 P. 715], which held that the plaintiff therein was entitled to an accounting of profits after the dissolution of the partnership. In that case the partnership had been in existence about seven years prior to dissolution, each partner had paid his share of the capital investment, and the partner who continued the business after the dissolution used the assets in which the retiring partner had a substantial interest. The liquidation therein following dissolution was an involved matter, and, although some of the accounting matters were settled by the partners, a disposition of assets was necessary in order to wind up the partnership. It is the general rule that where the assets of a partnership are used by one partner in continuing the business after dissolution, he is accountable to the retiring partner for profits acquired after dissolution and before termination of the partnership. (40 Am.Jur. 388.) 'The right of a partner to share in the profits earned by the continuation of a partnership business after the dissolution of the firm is founded upon the use to which such partner's interest in the capital of the firm has been put in earning these subsequent profits, and if the partner claiming an interest in the profits earned after the dissolution of the partnership has no interest in the assets or capital of the firm after dissolution, he is not entitled to share in the profits earned. The same result is reached where the complaining partner's interest in the capital is negligible.' (40 Am.Jur. 398, § 390.) It is also said therein at page 399 that: 'It would seem that if, by reason of . . . the excessive indebtedness of the partner to the firm, the partner has no interest, or at least only a nominal interest,

remaining in the firm, he should not be entitled to a share of the subsequently earned profits.'

". . . After dissolution the interest of plaintiff in the assets was not such that he was entitled to an accounting of profits from the dissolution to the termination of the partnership."

The rule of this case is clearly recognized by section 15042 of the Corporations Code, because when that section gives the partner the right to subsequently earned profits it limits the amount to "the profits attributable to the use of his right in the property of the dissolved partnership." That is the precise rule of the Watson case.

The proper application of the Watson case was discussed in *Sibert* v. *Shaver*, 111 Cal.App.2d 833, 842 [245 P.2d 514], where the court stated: "Appellant also contends that, assuming the judgment to be otherwise correct, it was error to compel him to account for profits earned after the death of his partner, citing *Hall* v. *Watson*, 73 Cal.App.2d 735 [167 P.2d 210.] But the cited decision emphasizes that one may share in profits earned after dissolution of a partnership where the partner seeking a portion of such profits has an interest in the assets or capital of the firm after dissolution. Only in the event the complaining partner has no interest in the assets or where his interest is negligible is he barred from asserting claim to a share of the profits."

The rule of the Watson case is here clearly applicable. Plaintiff, by his failure to report sales and retention of that money as well as of certain undistributed profits, on the date of dissolution, had in his possession $13,653.89. He thus was indebted to the partnership on the date of dissolution in that amount. On that date, far from having an interest in the partnership assets, he actually was indebted to defendant in the amount of $3,276.70. He had already received that much more than his interest in the assets was worth. Thus, he had no interest in such assets.

The conclusion that the rule of the Watson case is here controlling makes it unnecessary to discuss any of the other points discussed by counsel.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.